# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

## CASE NO. 22-11153

## UNITED STATES OF AMERICA,

### Plaintiff-Appellee,

### vs.

## JEFFREY BOONE,

### Defendant-Appellant.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORDA    CASE No. 3:21-cr-00071-MCR

## APPENDIX
## FOR APPELLANT JEFFREY BOONE

Sheryl J. Lowenthal, Atty at Law
Counsel on Appeal for Mr. Boone
221 East Government Street
Pensacola, Florida 32502-6018
Phone: 850-912-6710
The Florida Bar No. 163475
E-Mail:  sjlowenthal@appeals.net

South Florida Office
9130 S Dadeland Blvd. Suite 1511    Miami FL 33156    305-670-3360

## INDEX TO THE SEALED APPENDIX

Docket Sheet NDFL Case No. 3:21-cr-71-MCR

Indictment                        DE-15

Plea Agreement                    DE-28

Factual Statement for Plea        DE-29

Final  Judgment                   DE-48

Transcript of Change of Plea      DE-65

Transcript of Sentencing          DE-62

### CERTIFICATE OF SERVICE & COMPLIANCE WITH ECF FILING

I CERTIFY that a copy of the foregoing Appendix was electronically filed with the Clerk of Court on this 29th of August, 2022, and that a copy of this document will be served on this day on Assistant United States Attorneys Amanda Gordon, Robert G. Davies, and David L. Goldberg, and The United States Attorney Service for the Northern District of Florida, and to all counsel of record who may be registered with ECF in this matter.

*/s/ Sheryl J. Lowenthal*

Sheryl J. Lowenthal

North Florida Office:
221 East Government Street, Pensacola, Florida 32502-6018    850-912-6710

South Florida Office
9130 S Dadeland Blvd. Suite 1511    Miami FL 33156    305-670-3360

CLOSED,APPEAL

# U.S. District Court
# Northern District of Florida (Pensacola)
# CRIMINAL DOCKET FOR CASE #: 3:21−cr−00071−MCR−1

Case title: USA v. BOONE

Magistrate judge case number:  3:21−mj−00375−HTC

Date Filed: 10/19/2021

Assigned to: JUDGE M CASEY
RODGERS

Appeals court case number:
22−11153−J 11th Circuit

### Defendant (1)

**JEFFREY W BOONE, JR**
*also known as*
"younginsboo"
*TERMINATED: 03/29/2022*

represented by **SHERYL JOYCE LOWENTHAL**
SHERYL J LOWENTHAL
9130 S DADELAND BLVD
#1511
MIAMI, FL 33156
305−670−3360
Fax: 850−429−9758
Email: sjlowenthal@appeals.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**MICHELLE LYNN HENDRIX**
VERNIS & BOWLING OF NW FL PA –
PENSACOLA FL
315 S PALAFOX ST
PENSACOLA, FL 32502
850−433−5461
Fax: 850−432−0166
Email: mhendrix@florida−law.com
*TERMINATED: 04/13/2022*
*Designation: CJA Appointment*

### Pending Counts

PRODUCTION OF CHILD
PORNOGRAPHY
(1)

DISTRIBUTION OF CHILD
PORNOGRAPHY
(2)

POSSESSION OF CHILD
PORNOGRAPHY
(3)

### Disposition

Custody of BOP for a total term of 840 months;
Supervised Release for LIFE; fine waived, JVTA
waived, AVAA $1,000, SMA of $300, Restitution
$12,000.

Custody of BOP for a total term of 840 months;
Supervised Release for LIFE; fine waived, JVTA
waived, AVAA $1,000, SMA of $300, Restitution
$12,000.

Custody of BOP for a total term of 840 months;
Supervised Release for LIFE; fine waived, JVTA
waived, AVAA $1,000, SMA of $300, Restitution
$12,000.

### Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level
(Terminated)**

None

| Complaints | Disposition |
|---|---|
| 18:2251A.F, , 18:2252A.F | Custody of BOP for a total term of 840 months; Supervised Release for LIFE; fine waived, JVTA waived, AVAA $1,000, SMA of $300, Restitution $12,000. |

---

**Plaintiff**

**USA**                                     represented by   **DAVID L GOLDBERG**
US ATTORNEY – PENSACOLA FL
NORTHERN DISTRICT OF FLORIDA
21 E GARDEN ST
STE 400
PENSACOLA, FL 32502–5675
850–444–4000
Fax: 850–434–0329
Email: david.goldberg@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**AMANDA GORDON**
DOJ–USAO
NORTHERN DISTRICT OF FLORIDA
21 EAST GARDEN STREET
SUITE 400
PENSACOLA, FL 32502
850–444–4004
Email: amanda.gordon@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/04/2021 | 1 | COMPLAINT as to JEFFREY BOONE (1). (kli) (Main Document 1 replaced on 10/6/2021) (kli). [3:21–mj–00375–HTC] (Entered: 10/04/2021) |
| 10/04/2021 | 2 | AFFIDAVIT in Support of Criminal Complaint (Sealed per Privacy Policy) by USA as to JEFFREY BOONE. (kli) (Main Document 2 replaced on 10/6/2021) (kli). [3:21–mj–00375–HTC] (Entered: 10/04/2021) |
| 10/04/2021 | 4 | SEALED ORDER as to JEFFREY BOONE. Signed by MAGISTRATE JUDGE HOPE T CANNON on 10/4/2021. (kli) [3:21–mj–00375–HTC] (Entered: 10/04/2021) |
| 10/04/2021 | 6 | Minute Entry for proceedings held before MAGISTRATE JUDGE HOPE T CANNON:Initial Appearance as to JEFFREY BOONE held on 10/4/2021. Defendant states full name is Jeffrey Wade Boone Jr. Defendant detained, hearings waived. (Court Reporter DCR.) (kli) [3:21–mj–00375–HTC] (Entered: 10/04/2021) |
| 10/04/2021 | 7 | CJA 23 Financial Affidavit by JEFFREY BOONE (PDF sealed per Privacy Policy) (kli) [3:21–mj–00375–HTC] (Entered: 10/04/2021) |
| 10/04/2021 | 8 | ORAL MOTION to Appoint Counsel by JEFFREY BOONE. (kli) [3:21–mj–00375–HTC] (Entered: 10/04/2021) |

| | | |
|---|---|---|
| 10/04/2021 | 9 | ORDER APPOINTING COUNSEL and granting 8 Motion to Appoint Counsel as to JEFFREY BOONE (1). Signed by MAGISTRATE JUDGE HOPE T CANNON on 10/4/2021. (kli) [3:21−mj−00375−HTC] (Entered: 10/04/2021) |
| 10/04/2021 | 10 | ORAL MOTION FOR DETENTION by USA as to JEFFREY BOONE. (kli) [3:21−mj−00375−HTC] (Entered: 10/04/2021) |
| 10/04/2021 | 11 | ORDER OF DETENTION − HEARING WAIVED as to JEFFREY BOONE (1). Signed by MAGISTRATE JUDGE HOPE T CANNON on 10/4/2021. (kli) [3:21−mj−00375−HTC] (Entered: 10/04/2021) |
| 10/04/2021 | 12 | BRADY ORDER as to JEFFREY BOONE. Signed by MAGISTRATE JUDGE HOPE T CANNON on 10/4/2021. (kli) [3:21−mj−00375−HTC] (Entered: 10/04/2021) |
| 10/05/2021 | 13 | CJA Appointment as to JEFFREY BOONE: Appointment of Attorney MICHELLE LYNN HENDRIX for JEFFREY BOONE. The appointment will be created and appear in the eVoucher system. You can access the eVoucher system and materials on the NDFL web site located at www.flnd.uscourts.gov under attorney resources. Signed by MAGISTRATE JUDGE HOPE T CANNON on 10/5/2021. (kli) [3:21−mj−00375−HTC] (Entered: 10/05/2021) |
| 10/06/2021 | 14 | NOTICE OF ATTORNEY APPEARANCE: MICHELLE LYNN HENDRIX appearing for JEFFREY BOONE (HENDRIX, MICHELLE) [3:21−mj−00375−HTC] (Entered: 10/06/2021) |
| 10/19/2021 | 15 | INDICTMENT (PDF redacted per privacy policy.) as to JEFFREY BOONE (1) count(s) 1, 2, 3. (blr) (Entered: 10/19/2021) |
| 10/19/2021 | 16 | Sealed Document (Indictment with Foreperson's Signature). (blr) (Entered: 10/19/2021) |
| 10/19/2021 | 17 | CRIMINAL COVER SHEET by USA as to JEFFREY BOONE (copy to US Marshal)(PDF sealed per Privacy Policy) (blr) (Entered: 10/19/2021) |
| 10/20/2021 | 18 | NOTICE OF ATTORNEY APPEARANCE AMANDA GORDON appearing for USA. (GORDON, AMANDA) (Entered: 10/20/2021) |
| 10/20/2021 | 19 | DOCKET ANNOTATION BY COURT: Request to Produce provided to USMS re: Arraignment hearing set for 10/29/2021 11:00 AM as to JEFFREY BOONE before Magistrate Judge Hope T Cannon. (blr) (Entered: 10/20/2021) |
| 10/20/2021 | | Set Hearings as to JEFFREY BOONE: Arraignment set for **10/29/2021 11:00 AM** in U.S. Courthouse Pensacola before MAGISTRATE JUDGE HOPE T CANNON. (blr) (Entered: 10/22/2021) |
| 10/22/2021 | 20 | MOTION for Protective Order *Concerning Disclosure of Rule 16 Discovery Information* by USA as to JEFFREY BOONE. (GOLDBERG, DAVID) (Entered: 10/22/2021) |
| 10/22/2021 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 20 MOTION for Protective Order *Concerning Disclosure of Rule 16 Discovery Information* filed by Plaintiff USA (blr) (Entered: 10/22/2021) |
| 10/26/2021 | 21 | ORDER. The government's Motion for Protective Order Concerning Disclosure of Rule 16 Discovery Information, ECF No. 20 , is GRANTED as to JEFFREY BOONE (1). Signed by JUDGE M CASEY RODGERS on 10/26/2021. (blr) (Entered: 10/26/2021) |
| 10/29/2021 | 22 | Minute Entry for proceedings held before MAGISTRATE JUDGE HOPE T CANNON:Arraignment as to JEFFREY BOONE (1) Counts 1,2,3 held on 10/29/2021 (Court Reporter DCR.) (kli) (Entered: 10/29/2021) |
| 11/01/2021 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified Trial Order is needed Re: 22 Arraignment. (kli) (Entered: 11/01/2021) |
| 11/01/2021 | 23 | ORDER SETTING JURY TRIAL AND OTHER PRE−TRIAL MATTERS as to JEFFREY BOONE − Jury Trial set for **12/6/2021 08:00 AM** in U.S. Courthouse Pensacola. Signed by JUDGE M CASEY RODGERS on 11/1/2021. (blr) (Entered: |

| | | |
|---|---|---|
| | | 11/01/2021) |
| 11/09/2021 | 24 | ORDER OF REFERENCE as to JEFFREY BOONE. This criminal case is referred to the duty U.S. Magistrate Judge to conduct Rule 11 plea proceedings. Signed by JUDGE M CASEY RODGERS on 11/9/2021. (cc: EMT chambers) (blr) (Entered: 11/09/2021) |
| 11/10/2021 | 25 | NOTICE OF HEARING as to JEFFREY BOONE. Change of Plea Hearing set for **11/18/2021 at 10:30 AM** in U.S. Courthouse Pensacola before MAGISTRATE JUDGE ELIZABETH M TIMOTHY. (sdw) (Entered: 11/10/2021) |
| 11/18/2021 | 26 | Minute Entry for proceedings held before MAGISTRATE JUDGE ELIZABETH M TIMOTHY: Change of Plea Hearing as to JEFFREY BOONE held on 11/18/2021. Plea entered by JEFFREY BOONE (1) Guilty Count 1,2,3. Sentencing scheduled for February 15, 2022 at 2:00pm. (Court Reporter Julie Wycoff.) (sdw) (Entered: 11/18/2021) |
| 11/18/2021 | 27 | CONSENT TO PLEA BEFORE MAGISTRATE JUDGE by USA and JEFFREY BOONE. (sdw) (Entered: 11/18/2021) |
| 11/18/2021 | 28 | PLEA AGREEMENT as to JEFFREY BOONE. (sdw) (Entered: 11/18/2021) |
| 11/18/2021 | | Plea Agreement Accepted as to JEFFREY BOONE. (sdw) (Entered: 11/18/2021) |
| 11/18/2021 | 29 | FACTUAL BASIS FOR GUILTY PLEA by USA as to JEFFREY BOONE. (sdw) (Entered: 11/18/2021) |
| 11/18/2021 | 30 | Sealed Document. (sdw) (Entered: 11/18/2021) |
| 11/18/2021 | 31 | REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to JEFFREY BOONE. Internal deadline for referral to district judge if objections are not filed earlier: **11/19/2021**. Signed by MAGISTRATE JUDGE ELIZABETH M TIMOTHY on 11/18/2021. (sdw) (Entered: 11/18/2021) |
| 12/09/2021 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 31 REPORT AND RECOMMENDATION on Plea of Guilty as to JEFFREY BOONE (no objection received) (blr) (Entered: 12/09/2021) |
| 12/10/2021 | 32 | ACCEPTANCE OF PLEA OF GUILTY as to JEFFREY BOONE for 31 Report and Recommendation on Guilty Plea. Signed by JUDGE M CASEY RODGERS on 12/10/2021. (blr) (Entered: 12/10/2021) |
| 12/10/2021 | 33 | NOTICE OF HEARING as to JEFFREY BOONE – Sentencing set for **2/15/2022 02:00 PM** in U.S. Courthouse Pensacola before JUDGE M CASEY RODGERS. (blr) (Entered: 12/10/2021) |
| 12/20/2021 | 34 | MOTION for Forfeiture of Property by USA as to JEFFREY W BOONE, JR. (GOLDBERG, DAVID) (Entered: 12/20/2021) |
| 12/21/2021 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 34 MOTION for Forfeiture of Property filed by Plaintiff USA (blr) (Entered: 12/21/2021) |
| 12/28/2021 | 35 | PRELIMINARY ORDER OF FORFEITURE re 34 Motion for Forfeiture of Property as to JEFFREY W BOONE JR (1). Signed by JUDGE M CASEY RODGERS on 12/28/2021. (blr) (Entered: 12/28/2021) |
| 01/11/2022 | 36 | DRAFT PRESENTENCE INVESTIGATION REPORT as to JEFFREY W BOONE, JR. E–copies made available to selected parties. Responses to the Draft Report are due by **1/25/2022**. (Nichols, Vicki) (Entered: 01/11/2022) |
| 01/14/2022 | 37 | AMENDED NOTICE OF HEARING as to JEFFREY W BOONE, JR Sentencing reset for **2/18/2022 09:00 AM** in U.S. Courthouse Pensacola before JUDGE M CASEY RODGERS. (blr) (Entered: 01/14/2022) |
| 02/10/2022 | 38 | FINAL PRESENTENCE INVESTIGATION REPORT as to JEFFREY W BOONE, JR. E–copies made available to selected parties. (Attachments: # 1 Victim Impact Statement, # 2 Victim Impact Statement, # 3 Victim Impact Statement, # 4 Victim |

| | | |
|---|---|---|
| | | Impact Statement) (Nichols, Vicki) (Entered: 02/10/2022) |
| 02/14/2022 | 39 | ORDER as to JEFFREY W BOONE, JR. Due to an unavoidable conflict with court reporter availability, the sentencing hearing of February 18, 2022, is CANCELED and RESCHEDULED for March 25, 2022, at 9:00 a.m. Signed by JUDGE M CASEY RODGERS on 2/14/2022. (blr) (Entered: 02/14/2022) |
| 02/14/2022 | 40 | AMENDED NOTICE OF HEARING as to JEFFREY W BOONE, JR – Sentencing reset for **3/25/2022 09:00 AM** in U.S. Courthouse Pensacola before JUDGE M CASEY RODGERS. (blr) (Entered: 02/14/2022) |
| 03/03/2022 | 41 | RESPONSE to 38 Presentence Investigation Report, as to JEFFREY W BOONE, JR. PDF access restricted to the court, U.S. Probation, counsel for the defendant, and counsel for the United States of America. (Attachments: # 1 Attachment) (GOLDBERG, DAVID) (Entered: 03/03/2022) |
| 03/11/2022 | 42 | RESPONSE to 38 Presentence Investigation Report, as to JEFFREY W BOONE, JR. PDF access restricted to the court, U.S. Probation, counsel for the defendant, and counsel for the United States of America. (Attachments: # 1 Exhibit Darlene Boone Correspondence) (HENDRIX, MICHELLE) (Main Document 42 replaced on 3/11/2022) (blr). (Entered: 03/11/2022) |
| 03/22/2022 | 43 | RESPONSE to 38 Presentence Investigation Report, as to JEFFREY W BOONE, JR. PDF access restricted to the court, U.S. Probation, counsel for the defendant, and counsel for the United States of America. (HENDRIX, MICHELLE) (Entered: 03/22/2022) |
| 03/25/2022 | 45 | Minute Entry for proceedings held before JUDGE M CASEY RODGERS: Sentencing held on 3/25/2022 for JEFFREY W BOONE, JR (1). Sentence imposed as to Counts 1, 2, 3: Custody of BOP for a total term of 840 months; Supervised Release for LIFE; fine waived, JVTA waived, AVAA $1,000 (due immediately), SMA of $300 (due immediately), Restitution $12,000. Dft remanded to custody of U.S. Marshall. Final Order of Forfeiture entered in open court. SEE FORMAL JUDGMENT. (Court Reporter Donna Boland.) (blr) (Main Document 45 replaced on 3/29/2022) (blr). (Entered: 03/25/2022) |
| 03/25/2022 | 46 | GOVERNMENT'S MOTION AND MEMORANDUM FOR ISSUANCE OF FINAL ORDER OF FORFEITURE by USA as to JEFFREY W BOONE, JR. (blr) (Entered: 03/25/2022) |
| 03/25/2022 | 47 | FINAL ORDER OF FORFEITURE AS TO DEFENDANT JEFFREY W. BOONE, JR. re 46 GOVERNMENT'S MOTION AND MEMORANDUM FOR ISSUANCE OF FINAL ORDER OF FORFEITURE as to JEFFREY W BOONE JR (1). Signed by JUDGE M CASEY RODGERS on 3/25/2022. (blr) (Entered: 03/25/2022) |
| 03/29/2022 | 48 | JUDGMENT as to JEFFREY W BOONE, JR (1), Counts 1, 2, 3: Custody of BOP for a total term of 840 months; Supervised Release for LIFE; fine waived, JVTA waived, AVAA $1,000 (due immediately), SMA of $300 (due immediately), Restitution $12,000 (due immediately). Signed by JUDGE M CASEY RODGERS on 3/29/2022. (blr) (Entered: 03/30/2022) |
| 03/29/2022 | 49 | STATEMENT OF REASONS (Sealed) as to JEFFREY W BOONE, JR. Copies to be distributed to attorney for defendant, USAO, and USPO only. Signed by JUDGE M CASEY RODGERS on 3/29/2022. (blr) (Entered: 03/30/2022) |
| 04/08/2022 | 50 | NOTICE OF APPEAL by JEFFREY W BOONE, JR re 48 Judgment, (HENDRIX, MICHELLE) (Entered: 04/08/2022) |
| 04/08/2022 | 51 | MOTION to Withdraw as Attorney by Michelle Hendrix. by JEFFREY W BOONE, JR. (HENDRIX, MICHELLE) (Entered: 04/08/2022) |
| 04/08/2022 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE M CASEY RODGERS notified that action is needed Re: 51 MOTION to Withdraw as Attorney by Michelle Hendrix. filed by Defendant JEFFREY W BOONE, JR (blr) (Entered: 04/08/2022) |
| 04/11/2022 | 52 | Appeal Instructions as to JEFFREY W BOONE, JR re: 50 Notice of Appeal – Final Judgment. The Transcript Request Form is available on the Internet at |

| | | |
|---|---|---|
| | | http://www.flnd.uscourts.gov/forms/Attorney/ECCA_transcript_form_fillable.pdf ** PLEASE NOTE ** Separate forms must be filed for each court reporter in the district court and the appeals court. Transcript Order Form due by **4/25/2022**. (kgc) (Entered: 04/11/2022) |
| 04/11/2022 | 53 | Transmission of Notice of Appeal and Docket Sheet as to JEFFREY W BOONE, JR to US Court of Appeals re 50 Notice of Appeal – Final Judgment. (kgc) (Entered: 04/11/2022) |
| 04/11/2022 | | Set Deadlines as to JEFFREY W BOONE, JR re 50 Notice of Appeal – Final Judgment: Clerk to check status of Appeal on **7/11/2022**. Certificate of Readiness (FRAP 11) due by **4/25/2022**. (kgc) (Entered: 04/11/2022) |
| 04/13/2022 | 54 | ORDER granting 51 Motion to Withdraw as Attorney. Court appointed counsel Michelle Hendrix is relieved of further obligation to represent Defendant in this matter. Sheryl Lowenthal is substituted as courtappointed counsel for Defendant. The clerk is directed to update the docket accordingly. MICHELLE LYNN HENDRIX withdrawn from case as to JEFFREY W BOONE JR (1). Signed by JUDGE M CASEY RODGERS on 4/13/2022. (blr) (Entered: 04/13/2022) |
| 04/13/2022 | | Attorney update in case as to JEFFREY W BOONE, JR. Attorney SHERYL JOYCE LOWENTHAL for JEFFREY W BOONE, JR added. (blr) (Entered: 04/13/2022) |
| 04/13/2022 | 55 | CJA Appointment as to JEFFREY W BOONE, JR: Appointment of Attorney SHERYL JOYCE LOWENTHAL for JEFFREY W BOONE, JR. The appointment will be created and appear in the eVoucher system. You can access the eVoucher system and materials on the NDFL web site located at www.flnd.uscourts.gov under attorney resources. Signed by JUDGE M CASEY RODGERS on 4/13/2022. (blr) (Entered: 04/13/2022) |
| 04/14/2022 | 56 | USCA Case Number 22–11153–J for 50 NOTICE OF APPEAL by JEFFREY W BOONE, JR re 48 Judgment. (kgc) (Entered: 04/14/2022) |
| 04/14/2022 | 57 | USCA PROCEDURAL LETTER re: 50 NOTICE OF APPEAL by JEFFREY W BOONE, JR re 48 Judgment. USCA Appeal # 22–11153–J (kgc) (Entered: 04/14/2022) |
| 04/25/2022 | 58 | TRANSCRIPT REQUEST by JEFFREY W BOONE, JR for proceedings held on 3/25/2022 and 11/18/2021 before Judge Hon. M. Casey Rodgers and Hon. Elizabeth M. Timothy, re 50 Notice of Appeal – Final Judgment Court Reporter:Donna Boland & Julie Wycoff Transcript due by **6/1/2022**. (LOWENTHAL, SHERYL) (Entered: 04/25/2022) |
| 04/26/2022 | 59 | CJA 24 TRANSCRIPT PREPARATION REQUEST APPROVED as to JEFFREY W BOONE, JR re CJA 24 Authorization request. Signed by JUDGE M CASEY RODGERS on 4/26/2022. (els) (Entered: 04/26/2022) |
| 05/02/2022 | 60 | TRANSCRIPT Acknowledgment – Part II re 50 Notice of Appeal – Final Judgment Court Reporter:JULIE A. WYCOFF Transcript due by **5/26/2022**. (jaw) (Entered: 05/02/2022) |
| 05/18/2022 | 61 | TRANSCRIPT Acknowledgment – Part II re 50 Notice of Appeal – Final Judgment Court Reporter:Donna L. Boland Transcript due by **5/18/2022**. (dlb) (Entered: 05/18/2022) |
| 05/18/2022 | 62 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of SENTENCING Proceedings as to JEFFREY W BOONE, JR held on March 25, 2022, before Judge M. Casey Rodgers. Court Reporter/Transcriber Donna L. Boland, Email: Donna_Boland@flnd.uscourts.gov.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **5/25/2022**. Release of Transcript Restriction set for **8/23/2022**. (dlb) (Entered: 05/18/2022) |

| | | |
|---|---|---|
| 05/18/2022 | 63 | NOTICE of Filing Transcript (Part III) by Court Reporter in District Court – as to JEFFREY W BOONE, JR re 50 Notice of Appeal – Final Judgment Court Reporter: Donna L. Boland (dlb) (Entered: 05/18/2022) |
| 05/23/2022 | 64 | CJA 24 as to JEFFREY W BOONE, JR: Authorization to Pay Donna Boland. Voucher # 1129.1384317. Signed by JUDGE M CASEY RODGERS on 5/23/2022. (kjw) (Entered: 05/24/2022) |
| 05/26/2022 | 65 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings, CHANGE OF PLEA, as to JEFFREY W BOONE, JR held on 11/18/21, before Judge Elizabeth M. Timothy. Court Reporter/Transcriber Julie A. Wycoff, Telephone number 850/470–8196; julieawycoff@gmail.com.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>Redaction Request due **6/2/2022**. Release of Transcript Restriction set for **8/31/2022**. (jaw) (Entered: 05/26/2022) |
| 05/26/2022 | 66 | NOTICE of Filing Transcript (Part III) by Court Reporter in District Court – as to JEFFREY W BOONE, JR re 50 Notice of Appeal – Final Judgment Court Reporter: JULIE A. WYCOFF (jaw) (Entered: 05/26/2022) |
| 05/27/2022 | 67 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 50 Notice of Appeal – Final Judgment as to JEFFREY W BOONE, JR, Appeal No. 22–11153–J; The entire record on appeal is available electronically. (kgc) (Entered: 05/27/2022) |
| 07/12/2022 | | Reset Deadlines as to JEFFREY W BOONE, JR re 50 Notice of Appeal – Final Judgment: (Clerk to check status of Appeal on **10/11/2022**.) USCA Appeal # 22–11153–J (kgc) (Entered: 07/12/2022) |
| 08/04/2022 | 68 | CJA 24 as to JEFFREY W BOONE, JR: Authorization to Pay Julie Wycoff. Voucher # 1129.1389067. Signed by JUDGE M CASEY RODGERS on 8/4/2022. (kjw) (Entered: 08/19/2022) |

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                  **Case No. 3:21cr71/MCR**

**JEFFREY W. BOONE, JR.**
  **a/k/a "younginsboo"**
_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between JEFFREY W. BOONE, JR. as

Defendant, Michelle Hendrix as attorney for Defendant, and the United States

Attorney for the Northern District of Florida. This agreement specifically excludes

and does not bind any other state or federal agency, including other United States

Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or

administrative claim against Defendant.

### 2. TERMS

The parties agree to the following terms:

a.      Defendant will plead guilty to Count One (Production of Child

Pornography), Count Two (Distribution of Child Pornography), and Count Three

(Possession of Child Pornography) of the Indictment. As to Count One, Defendant

faces a mandatory/minimum term of 15 years up to 30 years' imprisonment, a

**FILED IN OPEN COURT THIS**

_11-18-21_  ᏝᎳ

**CLERK, U.S. DISTRICT
COURT, NORTH DIST. FLA.**

mandatory/minimum term of 5 years up to a lifetime supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Two, Defendant faces a mandatory/minimum term of 5 years up to 20 years' imprisonment, a mandatory/minimum term of 5 years up to a lifetime supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Three, Defendant faces a term of up to 20 years' imprisonment, a mandatory/minimum term of 5 years up to a lifetime supervised release, a $250,000 fine, and a $100 special monetary assessment. Defendant also faces a potential assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A. Defendant agrees to pay the special monetary assessment(s) on or before the date of sentencing.

If Defendant is unable to pay the special assessment prior to sentencing due to indigence, Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which Defendant is subject includes the forfeiture of all forfeitable assets, including all electronic devices utilized to commit the instant crimes.

b.    By voluntarily pleading guilty to the charges in the Indictment, Defendant knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence

2

presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c.      Defendant is pleading guilty because Defendant is in fact guilty of the charges alleged in Counts One, Two and Three of the Indictment.  In pleading guilty, Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

d.      Upon the District Court's adjudication of guilt of Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which Defendant has pled.  Defendant agrees that substantial evidence exists to support the charges.

e.      Nothing in this agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

f.      If Defendant is not a citizen of the United States, Defendant understands that this conviction may adversely affect Defendant's immigration status, and Defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

3

g.      The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h.      Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by Defendant.  The United States Attorney further reserves the right to correct any misstatements by Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

i.      Defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, Defendant must register and keep the registration current in each of the following jurisdictions: the location of Defendant's residence, the location of Defendant's employment; and, if Defendant is a student, the location of Defendant's school.  Registration will require that Defendant provide information that includes name, residence address, and the names and addresses of

4

any places at which Defendant is or will be an employee or a student. Defendant understands that Defendant must update Defendant's registrations not later than three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations' subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## 3. SENTENCING

a.     Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.     The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of Defendant's plea.

c.     The parties reserve the right to appeal any sentence imposed.

## 4. VICTIM RESTITUTION

Defendant agrees to make full restitution to the victims, if applicable, as determined by the Court. Defendant agrees that the amount of restitution may

include losses resulting from related conduct for which Defendant was not convicted, if the loss flowed directly from the relevant conduct of which Defendant was a part. Pursuant to 18 U.S.C. § 2259, should restitution be requested by a victim, said victim would receive no less than $3,000.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

6

Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

JASON COODY
Acting United States Attorney

MICHELLE HENDRIX
Attorney for Defendant
Florida Bar No.   0172510
315 S. Palafox Street
Pensacola, Florida 32502
(850) 433-0420

DAVID L. GOLDBERG
Assistant United States Attorney
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, FL 32502
(850) 444-4000

11/9/21
Date

11 18 21
Date

JEFFREY W. BOONE, JR.
Defendant

11/9/21
Date

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No. 3:21cr71/MCR**

**JEFFREY W. BOONE, JR.**
   **a/k/a "younginsboo"**
_____/

## FACTUAL BASIS FOR GUILTY PLEA

The defendant admits that if this case were to proceed to trial, the government could prove the following facts.

Kik Messenger ("Kik") is an instant messaging application for mobile devices. The application is available on most iOS, Android, and Windows phone operating systems free of charge.   Kik uses a smartphone's data plan or Wi-Fi to transmit and receive messages.   Kik allows users to share photographs, sketches, mobile web-pages, linked internet files and other content.

On or about October 1, 2021, an FBI Online Covert Employee (OCE) had access to a Kik communication group wherein a user, with the username name "younginsboo," distributed images through a private message containing child pornography. The images depicted the sexual exploitation of a minor as defined by federal law, to include the following:

1

FILED IN OPEN COURT THIS

_11-18-21_ _Sw_

CLERK, U.S. DISTRICT
COURT, NORTH DIST. FLA.

a.     On or about October 1, 2021, "younginsboo" sent a private message to the OCE that contained an image depicting an adult male with his penis exposed out of a pair of camouflage shorts. A prepubescent female is kneeling on a bed holding onto the adult male's erect penis. The prepubescent female is wearing a distinctive outfit. Present in the image are navy-blue bedsheets as well as various clothing items on the floor. The minor female was clearly less than ten years old.

b.     On or about October 1, 2021, "younginsboo" sent a second private message to the OCE containing an image of what appeared to be the same prepubescent female, based upon the outfit she was wearing. Furthermore, the background also contained the navy-blue bedsheets, and the adult male with the erect penis was wearing the same camouflage shorts. In the image, the minor's face is exposed and she is holding onto the adult male's erect penis.

c.     On or about October 1, 2021, "younginsboo" sent a private message to the OCE stating: "Soon I'll have a video for you."   In response, the OCE asked "what do you mean?"   Kik user "younginsboo" replied: "We should get some play time soon." The OCE replied "You with her?" to which the user replied "mmm hmmm."

d.     On or about October 1, 2021, "younginsboo" sent a private message to the OCE stating: "Waiting for my wife to leave."   Kik user "younginsboo" then sent a purple-colored devil emoji, which was followed by an image of the

2

prepubescent female standing on a bed with her pants pulled down showing her purple underwear, and her shirt spread open exposing her bare stomach area. In the background are the same navy-blue bedsheets that are visible in the previous images.

Based on this information, the OCE believed Kik user "younginsboo" captured the images of the minor female using his device just prior to sending the images, showing that he had access to a minor female. Furthermore, based on a review of the images, agents believed all of the images depicted the same minor female.

On or about October 1, 2021, the FBI obtained subscriber records from Kik for the username "younginsboo." Kik responded with the following subscriber information:

    a.    First Name: Boo

    b.    Last Name: Jed

    c.    Email: bjooneffry@yahoo.com

    d.    Username: younginsboo

    e.    IP address: 2021/10/01 16:25:53 UTC 68.109.99.138

On or about October 1, 2021, the FBI obtained subscriber records from Cox Communication Inc. for the IP address 68.109.99.138 on 2021/10/01 16:25:53 UTC. The records revealed the following subscriber information for the account:

3

    f.     Name: Jeffrey Boone

    g.     Address: XXXXX, Shalimar, FL 32579

    h.     Phone Number: XXX-XXX-0616

Through a search of law enforcement databases, the FBI confirmed that an individual named JEFFREY BOONE, with date of birth XX/XX/1989, was associated with the address XXXXX, Shalimar, FL 32579. Additionally, through law enforcement databases, the FBI confirmed JEFFREY BOONE was active-duty military with a registered address of XXXXX, Shalimar, FL 32579.

Later in the evening, on October 1, 2021, United States Magistrate Judge Hope T. Cannon issued a search warrant for BOONE's residence. Law enforcement officers executed said search warrant a few hours later. Located within BOONE's residence were BOONE, the minor female, and the matching navy-blue bedsheets mentioned above. BOONE was wearing the above noted camouflage shorts, and the victim was wearing the clothes seen in the previously noted child pornography. Moreover, within BOONE's personal electronic device, law enforcement located video/images of BOONE's production of child pornography involving the minor female, many other images of unrelated child pornography, and the Kik application with the username "younginsboo." The defendant agrees the indictment herein is true and correct and is incorporated into the factual basis.

4

**Elements of the Offenses**

As for Count One, the Defendant can be found guilty only if:

One:    The defendant employed, used, persuaded, induced, enticed, or coerced the minor victim to engage in sexually explicit conduct;

Two:    At the time, victim was under the age of eighteen years;

Three:    The defendant acted with the purpose of producing a visual depiction of such conduct; and

Four:    The visual depiction was actually transported in or affecting interstate commerce.

5

As for Counts Two and Three, the Defendant can be found guilty only if:

1. The Defendant knowingly distributed or possessed an item or items of child pornography;
2. The item[s] of child pornography had been transported, shipped or mailed in interstate or foreign commerce or by utilizing such a facility, including by computer or cellular telephone; and
3. When the Defendant distributed or possessed the item[s], the Defendant believed the item[s] were or contained child pornography.

JASON R. COODY
Acting United States Attorney

MICHELLE HENDRIX
Attorney for Defendant
Florida Bar No. 0172510
3015 S. Palafox Street
Pensacola, Florida 32502
(850) 433-5461

DAVID L. GOLDBERG
Assistant U.S. Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

11/9/21
Date

11/18/21
Date

JEFFREY W. BOONE, JR.
Defendant

11/7/21
Date

6

NDFL 245B (Rev. 9/19)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>JEFFREY W BOONE, JR<br>*a.k.a.*<br>"younginsboo" | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:    3:21-cr-00071-MCR<br><br>USM Number:    67785-509<br><br>Michelle Hendrix (CJA)<br>Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)    1, 2, 3 of the Indictment on November 18, 2021

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography | October 1, 2021 | 1 |
| 18 U.S.C. §§ 2252A(a)(2) and (b)(1) | Distribution of Child Pornography | October 1, 2021 | 2 |
| 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography | October 1, 2021 | 3 |

The defendant is sentenced as provided in pages 2 through ____7____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 25, 2022
Date of Imposition of Judgment

*Signature of Judge*

**M. Casey Rodgers, United States District Judge**
Name and Title of Judge

March ___29___ , 2022
Date

FILED USDC FLND PN
MAR 29 '22 PM 5:21
BR

NDFL 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: JEFFREY W BOONE, JR *a.k.a.* "younginsboo"
CASE NUMBER: 3:21-cr-00071-MCR

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
**360 months on Count 1, 240 months on Counts 2 and 3, each count consecutive.**

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be designated to serve this sentence at FCI Petersburg, VA or as near to that area as reasonably possible.

The Court recommends that while incarcerated, the defendant participates in a Sex Offender Treatment Program, or other such similar program offered through the Bureau of Prisons.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 12:00 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

NDFL 245B (Rev. 11/16)    Judgment in a Criminal Case
                          Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:        JEFFREY W BOONE, JR *a.k.a.* "younginsboo"
CASE NUMBER:      3:21-cr-00071-MCR

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

**LIFETIME Supervision on each count, concurrent.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.  ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

NDFL 245B (Rev. 11/16)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

Case 3:21-cr-00071-MCR   Document 48   Filed 03/29/22   Page 4 of 8
USCA11 Case: 22-12342   Document: 28   Date Filed: 08/29/2022   Page: 26 of 66

| | | Judgment—Page | 4 | of | 7 |

DEFENDANT:      JEFFREY W BOONE, JR *a.k.a.* "younginsboo"
CASE NUMBER:    3:21-cr-00071-MCR

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

_____          _____
Defendant's Signature                                                               Date

NDFL 245B (Rev. 11/16)      Judgment in a Criminal Case
                           Sheet 3D — Supervised Release

Judgment—Page ___5___ of ___7___

DEFENDANT:       JEFFREY W BOONE, JR *a.k.a.* "younginsboo"
CASE NUMBER:     3:21-cr-00071-MCR

## SPECIAL CONDITIONS OF SUPERVISION

You must register with the state sex offender registration agency as required by state law. You must provide proof of registration to the probation officer within three days of release from imprisonment/placement on supervision. In any state that has adopted the requirements of the Sex Offender Registration and Notification Act (34 USC sec. 20911 et seq.), you must also comply with all such requirements as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, are a student, or were convicted of a qualifying offense.

You must not frequent or loiter within 100 feet of any location where children are likely to gather or have contact with any child under the age of 18, unless otherwise approved by the probation officer. Children are likely to gather in locations including, but not limited to, playgrounds, theme parks, public swimming pools, schools, arcades, museums, or other specific locations as designated by the probation officer.

Your employment must be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. You must submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change.

Your residence must be approved by the probation officer, and any change in residence must be pre-approved by the Probation Officer. You must submit the address of any proposed residence to the Probation Officer at least 10 days prior to any scheduled change.

You must not possess or use a computer without the prior approval of the probation officer. "Computer" includes any electronic device capable of processing or storing data as described at 18 U.S.C. § 1030, and all peripheral devices.

As directed by the probation officer, you must enroll in the probation office's Computer and Internet Monitoring Program (CIMP), and shall abide by the requirements of the CIMP program and the Acceptable Use Contract.

You must not access the Internet or any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. "On-line services" include any Internet service provider, or any other public or private computer network. As directed by the probation officer, you must warn your employer of restrictions to his computer use.

You must consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include retrieval and copying of all data from his computer(s) and any peripheral device to ensure compliance with this condition, and/or removal of any such equipment for the purpose of conducting a more thorough inspection. You must also consent to the installation of any hardware or software as directed by the probation officer to monitor the defendant's Internet use.

You must not possess or use any data encryption technique or program.

You must not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8).

You must refrain from accessing, via the Internet, any pornography or other materials depicting sexually explicit conduct as defined at 18 U.S.C. § 2256(2), without the prior approval of the probation officer.

NDFL 245B (Rev. 11/16)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page ___6___ of ___8___

DEFENDANT:          JEFFREY W BOONE, JR *a.k.a.* "younginsboo"
CASE NUMBER:        3:21cr93-00071-MCR

## ADDITIONAL CONDITIONS OF SUPERVISION

You must participate in sex offender-specific treatment, as directed by the probation officer. You must pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. The actual co-payment schedule shall be determined by the probation officer. The probation officer shall release the presentence report and all previous mental health evaluations to the treatment provider. As part of the treatment program, you must submit to polygraph, or other psychological or physiological testing as recommended by the treatment provider.

You must undergo a mental health evaluation and participate in any and all recommended treatment, to include inpatient treatment.

You must submit to periodic polygraph testing at the discretion of the probation office as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Any unpaid restitution and/or assessment balance must be paid in monthly installments of an amount to be determined by the Court to commence within three months of your release from custody.

You must provide the probation officer with access to any requested financial information and report the source and amount of personal income and financial assets to the supervising probation officer as directed, unless you have satisfied your financial obligation.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you have satisfied your financial obligation.

You must not transfer or dispose of any asset, or your interest in any asset, without the prior approval of the probation officer unless you have satisfied your financial obligation

NDFL 245B (Rev. 11/16)    Case 3:21-cr-00071-MCR    Document 48    Filed 03/29/22    Page 7 of 8
Judgment in a Criminal Case
USCA11 Case: 22-11583    Sheet 5 — Criminal Monetary Penalties    Document: 28    Date Filed: 08/29/2022    Page: 29 of 66

Judgment — Page __7__ of __8__

| | |
|---|---|
| DEFENDANT: | JEFFREY W BOONE, JR *a.k.a.* "younginsboo" |
| CASE NUMBER: | 3:21-cr-00071-MCR |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **AVAA Assessment\*** | **JVTA Assessment\*\*** | **Restitution** |
|---|---|---|---|---|---|
| **TOTALS** | $300.00 | $0 - waived | $1,000.00 | $0 - waived | $12,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss\*\*\* | Restitution Ordered |
|---|---|---|
| "Jenny" of the Jenny series: payable to "Marsh Law Firm PLLC, in trust for Jenny" and mailed to PO Box 4668 #65135, New York, NY 10163-4668, and include "ATTN: Jenny." | | $3,000.00 |
| "Vicky" of the Vicky series: payable to "Carol L. Hepburn I/T/F Lily" and mailed to PO Box 17718, Seattle, WA 98127. | | $3,000.00 |
| Motherfull 20121 series | | $3,000.00 |
| Brandy Boone | | $3,000.00 |

| | | |
|---|---|---|
| **TOTALS** | | **$12,000.00** |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the     ☒ Restitution   ☐ Fine

    ☐ the interest requirement for the     ☐ fine     ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

NDFL 245B (Rev. 11/16)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___8___ of ___8___

DEFENDANT:      JEFFREY W BOONE, JR *a.k.a.* "younginsboo"
CASE NUMBER:    3:21-cr-00071-MCR

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum of  **$13,300.00**  Special Monetary Assessment, AVAA, and Restitution is due immediately.

    ☐  not later _____ , or
    ☐  in accordance with  ☐  C,   ☐   D,   ☐  E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Fine payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of  $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
    **See Final Order of Forfeiture (ECF #47).**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

1                 **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF FLORIDA**
2                     **PENSACOLA DIVISION**

3

UNITED STATES OF AMERICA,      )
4                            )
             Plaintiff,      ) Case No: 3:21-CR-71/MCR
5                            )
     v.                  ) Pensacola, Florida
6                          ) November 18, 2021
                         ) 10:35 a.m.
7 JEFFREY W. BOONE, JR.,       )
                         )
8              Defendant.     )
_____)
9

10               **TRANSCRIPT OF CHANGE OF PLEA**
       **BEFORE THE HONORABLE ELIZABETH M. TIMOTHY**
11           **UNITED STATES MAGISTRATE JUDGE**
             **(Pages 1 through 16)**
12

13 <u>APPEARANCES</u>:

14
For the Government:     United States Attorney's Office
15                    by:  **DAVID L. GOLDBERG**
                  21 East Garden Street
16                   Suite 400
                  Pensacola, Florida 32502-5675
17                   (850) 444-4000
                  *david.goldberg@usdoj.gov*
18

19 For the Defendant:     Vernis & Bowling, Northwest Florida, PA
                  by:  **MICHELLE L. HENDRIX**
20                   315 South Palafox Street
                  Pensacola, Florida 32502
21                   (850) 433-5461
                  *hen@mhendrix@florida-law.com*
22

23
               *Julie A. Wycoff, RMR, CRR*
24           *Official United States Court Reporter*
        *(850) 470-8196 * julieawycoff@gmail.com*
25

1                    **P R O C E E D I N G S**

2              *(Call to Order of the Court.)*

10:35:19    3              THE COURT:  Good Morning.  You may be seated.

10:35:19    4    Ms. Hendrix and Mr. Goldberg.

10:35:23    5              MS. HENDRIX:  Good Morning.

10:35:23    6              THE COURT:  Sir, are you in Jeffrey Boone, Jr.?

10:35:25    7              THE DEFENDANT:  Yes, Your Honor.

10:35:25    8              THE COURT:  All right.  Good morning, sir.

10:35:25    9              My name is Elizabeth Timothy.  I'm a United States

10:35:28   10    magistrate judge, and we're here this morning for a felony plea

10:35:31   11    on your case.

10:35:32   12              Is that how you wish -- plea on your felony case.

10:35:34   13              Is that how you wish to proceed?

10:35:36   14              THE DEFENDANT:  Yes, Your Honor.

10:35:37   15              THE COURT:  All right.  Do you understand that you

10:35:37   16    have the right to enter your plea before district judge, but you

10:35:40   17    can consent to a magistrate judge taking your plea?

10:35:43   18              THE DEFENDANT:  I do, Your Honor.

10:35:44   19              THE COURT:  All right.  So I have a form in front of

10:35:46   20    me titled "Consent to 11 Guilty Plea before United States

10:35:50   21    Magistrate Judge."

10:35:50   22              And did you read this document carefully, sir?

10:35:53   23              THE DEFENDANT:  I did.

10:35:54   24              THE COURT:  Did you understand everything in the

10:35:55   25    document?

10:35:56    1          THE DEFENDANT:  Yes, Your Honor.

10:35:56    2          THE COURT:  Did you sign it on the second page?

10:35:58    3          THE DEFENDANT:  I did, Your Honor.

10:35:59    4          THE COURT:  And so you do consent to me proceeding?

10:36:02    5          THE DEFENDANT:  Yes, Your Honor.

10:36:02    6          THE COURT:  All right.  Sir, if you'll please stand

10:36:04    7    and be sworn, I'll question you under oath and begin the plea

10:36:09    8    process.

10:36:16    9        *(Defendant sworn.)*

10:36:16   10          THE COURT:  All right.  Sir, you've just been placed

10:36:18   11    under oath.  Of course, that means your answers to my questions

10:36:20   12    must be truthful and any statement you make to me must also be

10:36:23   13    truthful.  If you were to provide a false answer or make a false

10:36:26   14    statement, you could be separately prosecuted for perjury.

10:36:29   15          Do you understand?

10:36:30   16          THE DEFENDANT:  Yes, Your Honor.

10:36:31   17          THE COURT:  Also, know that you have the right to talk

10:36:32   18    to your attorney at any time for any reason during these

10:36:35   19    proceedings.  If you wish to do so, just let me know, and I'll

10:36:38   20    give you that opportunity as often as you need to and as long as

10:36:40   21    you need to.

10:36:41   22          Do you understand?

10:36:42   23          THE DEFENDANT:  Yes, Your Honor.

10:36:43   24          THE COURT:  All right.  Please state your full name.

10:36:45   25          THE DEFENDANT:  Jeffrey Wade Boone, Jr.

| | | |
|---|---|---|
| 10:36:47 | 1 | THE COURT:  How old are you? |
| 10:36:47 | 2 | THE DEFENDANT:  Thirty-two. |
| 10:36:49 | 3 | THE COURT:  And what year, just the year, were you |
| 10:36:51 | 4 | born? |
| 10:36:51 | 5 | THE DEFENDANT:  1989. |
| 10:36:54 | 6 | THE COURT:  How far did you go in school? |
| 10:36:55 | 7 | THE DEFENDANT:  Taken some college classes. |
| 10:36:57 | 8 | THE COURT:  All right.  So you read and write the |
| 10:36:59 | 9 | English language, sir? |
| 10:37:00 | 10 | THE DEFENDANT:  Yes, Your Honor. |
| 10:37:00 | 11 | THE COURT:  What are the last four digits of your |
| 10:37:02 | 12 | Social Security number? |
| 10:37:03 | 13 | THE DEFENDANT:  2639. |
| 10:37:05 | 14 | THE COURT:  And are you a United States citizen? |
| 10:37:07 | 15 | THE DEFENDANT:  I am. |
| 10:37:08 | 16 | THE COURT:  Where were you born? |
| 10:37:09 | 17 | THE DEFENDANT:  Frederick, Maryland. |
| 10:37:11 | 18 | THE COURT:  Okay.  And where were you living before |
| 10:37:12 | 19 | your arrest? |
| 10:37:14 | 20 | THE DEFENDANT:  Shalimar, Florida. |
| 10:37:16 | 21 | THE COURT:  Were you working, sir? |
| 10:37:17 | 22 | THE DEFENDANT:  I was, Your Honor. |
| 10:37:17 | 23 | THE COURT:  What type of work did you do? |
| 10:37:19 | 24 | THE DEFENDANT:  Military. |
| 10:37:21 | 25 | THE COURT:  All right.  Are you married or single? |

10:37:23  1                    THE DEFENDANT:  Married.

10:37:24  2                    THE COURT:  And do you have any children?

10:37:26  3                    THE DEFENDANT:  I have three children, Your Honor.

10:37:28  4                    THE COURT:  Do you know their ages roughly?

10:37:29  5                    THE DEFENDANT:  Eleven, six, and four.

10:37:32  6                    THE COURT:  All right.  Sir, have you ever been

10:37:33  7     treated for any type of mental illness?

10:37:36  8                    THE DEFENDANT:  I have not.

10:37:37  9                    THE COURT:  Do you take any prescription medications?

10:37:39  10                   THE DEFENDANT:  No.

10:37:39  11                   THE COURT:  Have you consumed any drugs or alcohol in

10:37:41  12    the last 24 hours?

10:37:42  13                   THE DEFENDANT:  I have not.

10:37:42  14                   THE COURT:  All right.  Then I'm going to move on now

10:37:46  15    and discuss with you the constitutional rights that you have and

10:37:48  16    that you're giving up by entering this plea.

10:37:50  17                   Of course, you don't have to enter a plea of guilty.

10:37:52  18    You can maintain your plea of not guilty and go to a jury trial.

10:37:56  19    At that trial, the Government would be required to prove your

10:37:58  20    guilt beyond a reasonable doubt.  The Government would do that

10:38:01  21    by calling various witnesses and introducing any physical or

10:38:04  22    tangible evidence that they may have; and you would have the

10:38:08  23    right, through your attorney, to question and cross-examine all

10:38:10  24    the Government's witnesses.

10:38:12  25                   When the Government rested, you would have several

10:38:14  1  options available to you.  Number one, you could do nothing at

10:38:17  2  all.  Meaning, you could go to trial simply to require the

10:38:20  3  Government to prove your guilt beyond a reasonable doubt.  But

10:38:24  4  also, of course, you could present any possible defense that you

10:38:27  5  may have to the charge.  You could do that by calling your own

10:38:30  6  witnesses; and if they were not willing to come voluntarily, you

10:38:32  7  would have the right to subpoena them and compel their

10:38:35  8  appearance.

10:38:35  9       You could introduce any physical or tangible evidence

10:38:37  10 that you have, and you could testify on your on behalf if you

10:38:41  11 chose to do so.  That would be your decision to make at trial.

10:38:44  12 In short, you have the right to require the Government to prove

10:38:46  13 your guilt, to present any defense that you have to the charge.

10:38:50  14 But when you enter a plea of guilty, you give up the rights

10:38:53  15 associated with going to trial because you're telling the Court:

10:38:56  16 I'm guilty, I did what I'm charged with doing, and I'm not going

10:38:58  17 to require the Government to prove your my guilt beyond a

10:39:02  18 reasonable doubt.

10:39:02  19       Do you understand?

10:39:03  20       THE DEFENDANT:  Yes, Your Honor.

10:39:03  21       THE COURT:  Do you know, too, that if your plea is

10:39:06  22 accepted, there will be no further trial of any kind.  You

10:39:08  23 completely give up any defense that you have to the charge.  And

10:39:11  24 your decision is final.  You can't withdraw your plea later if

10:39:14  25 you change your mind or you don't like the sentence that's

10:39:17   1   imposed or for some other reason.

10:39:20   2           Do you understand?

10:39:21   3           THE DEFENDANT:  Yes, Your Honor.

10:39:21   4           THE COURT:  And finally, you give up your right to

10:39:26   5   appeal, for the most part.  You do keep your right to appeal

10:39:27   6   your sentence; but otherwise, you give up your appellate rights.

10:39:31   7           Do you understand?

10:39:32   8           THE DEFENDANT:  Yes.

10:39:33   9           THE COURT:  All right.  You're represented here by

10:39:34  10   Ms. Hendrix.  Are you satisfied with her reputation?

10:39:36  11           THE DEFENDANT:  I am, Your Honor.

10:39:37  12           THE COURT:  Do you have any complaint at all about her

10:39:40  13   representation?

10:39:40  14           THE DEFENDANT:  I do not.

10:39:41  15           THE COURT:  All right.  Sir, in order for me to accept

10:39:43  16   your plea, I do need to make sure that there's a sufficient

10:39:49  17   factual basis for your plea.  And upon my review of the

10:39:51  18   documents before taking the bench, they reveal that you are

10:39:56  19   pleading guilty to all three counts alleged in the indictment.

10:39:59  20           Is that your understanding as well?

10:40:01  21           THE DEFENDANT:  It is, Your Honor.

10:40:02  22           THE COURT:  All right.  So in summary, Count 1 is

10:40:04  23   production of child pornography, Count 2 is distribution of

10:40:08  24   child pornography, and Count 3 is possession of child

10:40:11  25   pornography.

10:40:12  1          Is that your understanding, sir?

10:40:14  2          THE DEFENDANT:  It is, Your Honor.

10:40:14  3          THE COURT:  All right.  And I do have in front of me a

10:40:19  4  written Factual Basis.  I'm going to ask you a series of

10:40:22  5  questions about this document, sir.  It's six pages in length.

10:40:25  6          Did you read the entire document in its entirety?

10:40:28  7          THE DEFENDANT:  I did, Your Honor.

10:40:29  8          THE COURT:  And by that, I mean word for word, line

10:40:31  9  for line?

10:40:33 10          THE DEFENDANT:  Yes, Your Honor.

10:40:33 11          THE COURT:  Did you understand everything in the

10:40:34 12  document?

10:40:36 13          THE DEFENDANT:  I did.

10:40:37 14          THE COURT:  And can you admit under oath that the

10:40:38 15  facts set forth therein are true and correct?

10:40:42 16          THE DEFENDANT:  Yes.

10:40:42 17          THE COURT:  All right.  On the last page, sir, is a

10:40:44 18  space for your signature.  Did you, in fact, sign the document

10:40:47 19  on the last page?

10:40:49 20          THE DEFENDANT:  I did, Your Honor.

10:40:50 21          THE COURT:  All right.  And does that indicate, again,

10:40:52 22  that you are admitting to the facts contained in the documents?

10:40:55 23          THE DEFENDANT:  Yes.

10:40:55 24          THE COURT:  All right.  Then I do find that there is a

10:40:58 25  factual basis for the charge.

10:41:00   1      Let me ask, Mr. Goldberg, anything additional you'd

10:41:03   2  want to put on the record regarding the facts?

10:41:06   3      MR. GOLDBERG:  No, Your Honor.

10:41:06   4      THE COURT:  All right.  Also, sir, that document

10:41:08   5  contains the elements of the offenses to which you're pleading

10:41:12   6  guilty.  It's important for you to know those as well.

10:41:15   7      I explained to you earlier, if you went to trial, the

10:41:16   8  Government would be required to prove your guilt beyond a

10:41:18   9  reasonable doubt.  But in order for the Government to meet that

10:41:22   10  burden, the jury would be instructed that they have to prove

10:41:25   11  each element of each offense beyond a reasonable doubt.  So it's

10:41:29   12  important for you to know what those elements are and what it is

10:41:32   13  the Government would have to prove if the case went to trial.

10:41:36   14      Did you carefully review the elements of the three

10:41:38   15  offenses as set forth in the written Factual Basis?

10:41:42   16      THE DEFENDANT:  I did, Your Honor.

10:41:43   17      THE COURT:  Did you understand them?

10:41:44   18      THE DEFENDANT:  Yes.

10:41:44   19      THE COURT:  And do you know what it is the Government

10:41:45   20  would have to prove if the case went to trial?

10:41:47   21      THE DEFENDANT:  I do.

10:41:48   22      THE COURT:  All right.  Let me move on then to the

10:41:52   23  penalties that you face, sir.  Those are set forth in another

10:41:55   24  written document titled simply "Plea Agreement."  It's seven

10:42:00   25  pages in length.  I'm going to ask you a similar series of

10:42:03  1    questions about this document.

10:42:04  2            Did you go over the document in its entirety, sir?

10:42:06  3            THE DEFENDANT:  I do.

10:42:07  4            THE COURT:  Meaning every word, every line, every

10:42:10  5    page?

10:42:10  6            THE DEFENDANT:  Yes, Your Honor.

10:42:11  7            THE COURT:  Did you understand everything in the

10:42:12  8    document?

10:42:13  9            THE DEFENDANT:  I did.

10:42:13  10           THE COURT:  And are you aware of the consequences of

10:42:14  11    your plea in terms of what the penalties are, including

10:42:18  12    restitution and other matters, sir?

10:42:21  13           THE DEFENDANT:  Yes, Your Honor.

10:42:22  14           THE COURT:  All right.  Then I'm not going to go over

10:42:25  15    the document in its entirety with you.

10:42:26  16           But I do want to talk about some things, including the

10:42:30  17    penalties you face as to Count 1.  It's a minimum mandatory term

10:42:34  18    of 15 years in custody with a maximum of 30 years; as to

10:42:39  19    Count 2, there is a mandatory minimum of five years and a

10:42:42  20    maximum of 20 years; and as to Count 3, there is a maximum term

10:42:48  21    of 20 years imprisonment.

10:42:48  22           All of the counts carry a mandatory term of supervised

10:42:52  23    release of at least 5 years that would follow any term of

10:42:56  24    incarceration that you serve up to a maximum of a lifetime of

10:43:00  25    supervised release.  Each offense carries a maximum penalty --

10:43:03 1 monetary penalty of $250,000, and a $100 special monetary

10:43:08 2 assessment.

10:43:12 3 Do you understand the penalties that you face, sir?

10:43:14 4 THE DEFENDANT: Yes, Your Honor.

10:43:15 5 THE COURT: All right. And in light of the nature of

10:43:16 6 the charges against you, sir, there are some additional

10:43:18 7 potential financial consequences as a result of your plea.

10:43:21 8 There is a potential assessment of up to $35,000, as well as

10:43:27 9 restitution potentially to the victim in the case, sir, and a

10:43:32 10 requirement that you register as a sex offender. All of this is

10:43:37 11 set forth in the plea agreement.

10:43:38 12 Are you aware of all those penalties, sir?

10:43:40 13 THE DEFENDANT: Yes, Your Honor.

10:43:40 14 THE COURT: All right. Let me talk to you a little

10:43:42 15 bit about some of the terms I've used.

10:43:46 16 Do you understand what supervised release is, sir?

10:43:48 17 THE DEFENDANT: Yes, Your Honor.

10:43:49 18 THE COURT: So it's like a period of probation that

10:43:51 19 will follow any term of incarceration that you'll serve during

10:43:55 20 which you'll be subjected to numerous conditions of that

10:43:58 21 supervision and required to report to a probation officer.

10:44:02 22 Also, sir, I told you about the maximum and minimum

10:44:07 23 penalties on each offense, to the extent there are mandatory

10:44:09 24 minimums. So that's the range of sentence that the District

10:44:13 25 Court could impose on each count.

| | | |
|---|---|---|
| 10:44:16 | 1 | But do you understand that the District Court will |
| 10:44:18 | 2 | also consult the sentencing guidelines, and has Ms. Hendrix |
| 10:44:24 | 3 | discussed that matter with you? |
| 10:44:25 | 4 | THE DEFENDANT: Yes, Your Honor. |
| 10:44:25 | 5 | THE COURT: Did she explain to you generally how the |
| 10:44:28 | 6 | guidelines work? |
| 10:44:28 | 7 | THE DEFENDANT: She has. |
| 10:44:29 | 8 | THE COURT: And how they might affect the sentence in |
| 10:44:31 | 9 | your case? |
| 10:44:32 | 10 | THE DEFENDANT: Yes, Your Honor. |
| 10:44:32 | 11 | THE COURT: All right. And she's supposed to do that |
| 10:44:35 | 12 | as part of her representation of you. I just want to make sure |
| 10:44:38 | 13 | you understand, she can't promise you what the guideline range |
| 10:44:41 | 14 | will be. She can only tell you based on her training and |
| 10:44:43 | 15 | experience what she thinks it will be. But ultimately, it will |
| 10:44:47 | 16 | it be up to the District Court at sentencing to decide what the |
| 10:44:50 | 17 | actual range is. |
| 10:44:51 | 18 | Do you understand? |
| 10:44:51 | 19 | THE DEFENDANT: I do. |
| 10:44:52 | 20 | THE COURT: And then once that range is determined, |
| 10:44:53 | 21 | the District Court would have the discretion to impose a |
| 10:44:56 | 22 | sentence within the range or go higher, up to the statutory |
| 10:45:00 | 23 | maximum, or lower to any mandatory minimum, if there is one. |
| 10:45:05 | 24 | Do you understand? |
| 10:45:05 | 25 | THE DEFENDANT: I do, Your Honor. |

10:45:06  1      THE COURT:  All right.  Mr. Goldberg, anything

10:45:11  2  additional you'd like to note with respect to the penalties?

10:45:15  3      MR. GOLDBERG:  Only that he will be forfeiting any

10:45:16  4  electronic device utilized to commit the offense.

10:45:21  5      THE COURT:  Right.  And that's also in the plea

10:45:22  6  agreement.

10:45:22  7      Do you understand, sir?

10:45:23  8      THE DEFENDANT:  I do, Your Honor.

10:45:24  9      THE COURT:  Okay.  When a defendant enters a felony

10:45:32  10  plea in our Court, typically, there is a separate plea agreement

10:45:37  11  titled "Supplement to Plea Agreement."  It's always filed under

10:45:39  12  seal, and it basically -- typically states one of two things:

10:45:43  13  Either, one, you've entered into a plea and cooperation

10:45:46  14  agreement with the Government and, if so, it sets out the terms

10:45:49  15  of that agreement; or it says that there is no separate

10:45:52  16  agreement and the longer plea agreement that we already talked

10:45:55  17  about is the entire agreement you have with the Government.  The

10:45:59  18  supplements are always filed under seal, so I don't discuss the

10:46:04  19  nature of them in open court.  I just ask you generally a very

10:46:07  20  similar series of questions.

10:46:08  21      Do you agree that there is a supplement in your case,

10:46:10  22  sir?

10:46:10  23      THE DEFENDANT:  Yes, Your Honor.

10:46:11  24      THE COURT:  Did you read it in its entirety, meaning

10:46:13  25  every page, every line, every word?

10:46:15  1          THE DEFENDANT:  I did, Your Honor.

10:46:16  2          THE COURT:  Did you understand everything in the

10:46:17  3  document?

10:46:19  4          THE DEFENDANT:  Yes, Your Honor.

10:46:20  5          THE COURT:  And did you sign it at the bottom, sir?

10:46:22  6          THE DEFENDANT:  I did.

10:46:23  7          THE COURT:  All right.  So let me ask you, other than

10:46:25  8  the publicly filed plea agreement and the supplement thereto,

10:46:27  9  has anyone promised you anything to get you to enter a plea?

10:46:30 10          THE DEFENDANT:  No, Your Honor.

10:46:30 11          THE COURT:  Has anyone pressured you, threatened you,

10:46:33 12  or intimidated in any way to get you to enter a plea?

10:46:36 13          THE DEFENDANT:  No, Your Honor.

10:46:37 14          THE COURT:  All right.  Sir, I'm about ready to ask

10:46:39 15  you to formally enter your plea.

10:46:41 16          Before I do that, let me ask you, do you have any need

10:46:45 17  to speak privately with Ms. Hendrix?

10:46:47 18          THE DEFENDANT:  No, Your Honor.

10:46:48 19          THE COURT:  Do you have any questions of me?

10:46:49 20          THE DEFENDANT:  I do not.

10:46:50 21          THE COURT:  Did you understand everything that we've

10:46:51 22  discussed?

10:46:52 23          THE DEFENDANT:  Yes, Your Honor.

10:46:53 24          THE COURT:  All right.  And does the Government have

10:46:54 25  anything additional to put on the record?

|          |    |                                                            |
|----------|----|------------------------------------------------------------|
| 10:46:56 | 1  | MR. GOLDBERG:  No, Your Honor.  Thank you. |
| 10:46:57 | 2  | THE COURT:  All right.  Mr. Boone, I do find that you |
| 10:47:00 | 3  | are alert and intelligent, that you understand the nature of the |
| 10:47:02 | 4  | charges against you and the consequences of your plea.  I find, |
| 10:47:05 | 5  | too, that the facts the Government are prepared to prove and |
| 10:47:07 | 6  | that you've admitted under oath as true are sufficient to |
| 10:47:10 | 7  | support your plea.  You're aware of the effect of the sentencing |
| 10:47:13 | 8  | guidelines and the penalties that you face and, finally, that |
| 10:47:16 | 9  | you're making your decision here today freely, voluntarily, and |
| 10:47:19 | 10 | knowingly, with the advice of an attorney with whom you tell me |
| 10:47:23 | 11 | you're well pleased. |
| 10:47:24 | 12 | So let me ask you, sir, formally, how do you plead to |
| 10:47:26 | 13 | Counts 1, 2, and 3 of the indictment? |
| 10:47:29 | 14 | THE DEFENDANT:  Guilty, Your Honor. |
| 10:47:31 | 15 | THE COURT:  All right.  Sir, I will recommend to the |
| 10:47:32 | 16 | District Court that she accept your plea.  Anticipating that |
| 10:47:36 | 17 | she'll do so, she's asked that I schedule this case for |
| 10:47:39 | 18 | sentencing on February the 15th at 2:00 o'clock p.m. |
| 10:47:45 | 19 | Anything further from the Government on this case? |
| 10:47:48 | 20 | MR. GOLDBERG:  Your Honor, the Government would make a |
| 10:47:50 | 21 | motion for the Court to allow Madam Clerk to provide the |
| 10:47:54 | 22 | supplement to plea agreement which is under seal to Ms. Hendrix |
| 10:47:57 | 23 | and to myself so we have it for our files. |
| 10:48:00 | 24 | THE COURT:  I have no objection to that.  So the clerk |
| 10:48:04 | 25 | is authorized to release the supplement, but counsel should not |

10:48:10   1    distribute beyond their offices.

10:48:11   2             All right.  We had another matter scheduled at 11:00.

10:48:14   3    I'm going to take a break before we begin that one, so we'll be

10:48:17   4    in a brief recess.

10:48:18   5        *(Proceedings adjourned at 10:48 a.m.)*

           6                      * * * * * * * *

           7        I hereby certify that the foregoing is a true and correct
                transcript of the stenographically reported proceedings held in
           8    the above-entitled matter, pursuant to the provisions of Section
                753, Title 28, United States Code.

           9

          10    _Julie A. Wycoff_                        5/26/22

          11    _____     _____
                Julie A. Wycoff, RMR, CRR              Date
                Official U.S. Court Reporter
          12

          13

          14

          15

          16

          17

          18

          19

          20

          21

          22

          23

          24

          25

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,        )
                               )
                               )   Case No. 3:21cr71/MCR
                               )
vs.                        )   Pensacola, Florida
                               )   March 25, 2022
                               )   9:06 a.m.
                               )
JEFFREY W. BOONE, JR.,       )
                               )
        Defendant.        )
_____)


TRANSCRIPT OF **SENTENCING** PROCEEDINGS
BEFORE THE HONORABLE M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE
(Pages 1-20)



FOR THE GOVERNMENT:     Jason R. Coody
                        Acting United States Attorney
                        By:  **DAVID L. GOLDBERG**
                           Assistant U.S. Attorney
                           _david.goldberg@usdoj.gov_
                        21 East Garden Street, Suite 400
                        Pensacola, Florida  32502

FOR THE DEFENDANT:      Vernis & Bowling of NW Florida, P.A.
                        by:  **MICHELLE HENDRIX**
                          _mhendrix@florida-law.com_
                        315 South Palafox Street
                        Pensacola, Florida  32502

_Donna L. Boland, RPR, FCRR_
_United States Court Reporter_
_1 N Palafox Street * Pensacola, Florida  32502_
**Donna_Boland@flnd.uscourts.gov**

1          P R O C E E D I N G S

2          *(Court called to order; Defendant present with counsel.)*

3          **THE COURT:**   Good morning.   Mr. Jeffrey Boone is before

4    the Court for sentencing this morning.   He's here with his

5    counsel, Ms. Hendrix.   The government is represented by

6    Mr. Goldberg, and Agent Canning is also present this morning

7    for the government.   And Officer Dancy -- everything is

8    reversed for me in this courtroom, so I'm looking around, and

9    people who are typically on one side of the courtroom are on

10   the other.   This is not my courtroom.   My courtroom is upstairs

11   and configured a little differently.   But Officer Dancy is also

12   present.

13          Mr. Boone's guideline calculation is reflected in the

14   Presentence Investigation Report.   The calculation was done

15   under 2G2.1.   The base offense level is 32.   There were a

16   number of adjustments under that guideline.   And I'm trying to

17   get to those, excuse me just a minute.   It looks like 10 levels

18   for different specific offense characteristics.   Then there was

19   a Chapter 4 enhancement for a pattern, took the offense level

20   to a 47.   The defendant was given acceptance of responsibility

21   of 3 levels.   The total offense level was 44; however, pursuant

22   to the guidelines, the offense level is treated as a 43.

23          There were three counts in the indictment to which

24   Mr. Boone has pled guilty.   Two of them carry mandatory

25   minimums, that being Count One and Count Two.   Count One is a

1    15-year mandatory minimum, Count Two is a five-year, and then

2    the maximum on Count Three is 20 years.  But under the

3    guidelines, with a 43, Criminal History Category of I, the

4    recommended sentence is life.  However, the statutory maximums

5    do not exceed 30 years, and so the guideline is 184 months as

6    opposed to an actual life guideline.

7            Ms. Hendrix, let me ask first, if you would please,

8    from the lectern --

9            **MR. GOLDBERG:**  Your Honor, I apologize.  Did you just

10   say 184 months?  It would be 840 months.

11           **THE COURT:**  I might have.  840 months.  I apologize.

12   Lapse on my part.  I apologize.

13           Ms. Hendrix, if you would, from the lectern, confirm

14   first that you've reviewed the PSR in its entirety with

15   Mr. Boone before today, and then I will hear from you regarding

16   first any objections that you'd like me to consider.  I'm not

17   aware of any, but I'll hear from you now.

18           **MS. HENDRIX:**  Yes, Your Honor, I have reviewed the

19   report with Mr. Boone in detail.  There were no objections

20   filed.  I researched the case law.  All the pattern points

21   apply in this case.  Although I've made some argument in my

22   sentencing memorandum regarding them, but I think that it was

23   calculated correctly.

24           **THE COURT:**  One thing I should have added regarding

25   the Presentence Report and more specifically I believe it's

1    paragraph 109.  There's been a change regarding restitution.

2    There have been an additional two victims, Jenny and Vicki

3    series.

4         Also, I believe it's my understanding that all four

5    victims have agreed to a restitution amount of $3,000 each for

6    a total of $12,000.

7         Ms. Hendrix, were you aware of that?

8         **MS. HENDRIX:**  Your Honor, yes.  On the Jenny serious

9    she asked for no less than $3,000.  I have attempted to call

10   the attorney and get her to agree to no more than the $3,000.

11   I have not gotten a call back from her.  But considering the

12   circumstances, I would ask the Court to keep that to the

13   $3,000.

14        **THE COURT:**  All right.  Mr. Goldberg, let me ask you

15   first to speak to the restitution.

16        **MR. GOLDBERG:**  Your Honor, the government and the

17   defense have been in contact, and it's my understanding that

18   all but one have affirmatively agreed to $3,000.  Based on the

19   defendant's circumstances and the potential sentencing exposure

20   today, the government doesn't have any objection to the final

21   no-less-than $3,000 being entered as well, as that would be

22   consistent with the others who have agreed upon it.

23        **THE COURT:**  Well, I have to set an amount.

24        **MR. GOLDBERG:**  Yes, $3,000.  Because I believe that

25   victim has agreed to no less than $3,000, which is required, so

1     I would ask, for consistency's sake, that that would be
2     appropriate.
3         **THE COURT:** All right. Thank you. And then -- I'm
4     sorry, Mr. Goldberg. As to the guideline calculation or the
5     PSR?
6         **MR. GOLDBERG:** No objections.
7         **THE COURT:** Thank you.
8         Ms. Hendrix, I have reviewed your sentencing
9     memorandum, the character letters, and Mr. Boone's letter that
10    was just provided to me this morning. I did take a minute
11    before I came downstairs to review that, and I have. And also,
12    for the government, I have reviewed the victim impact
13    statements.
14         So I'll hear from you, Ms. Hendrix, under the 3553(a)
15    factors.
16         **MS. HENDRIX:** Yes, Your Honor. I did outline those in
17    my sentencing memorandum as well as probation did in the
18    report, so we would just ask the Court to keep those in mind.
19         Mr. Boone is in his 30s. He's got no prior criminal
20    record. He was active duty for five years in the military
21    prior to this offense. He did serve time in Afghanistan.
22    Unfortunately, I was not able to get any letters from any of
23    the people that he served with. I talked to no less than three
24    of them, and, after knowing what the charges were, none of them
25    were willing to commit anything to writing to the Court. So I

6

1    did include some information from Justin Huling who advised he

2    was deployed to Afghanistan, that Mr. Boone had saved his life

3    while they were deployed.  But again, these members had

4    children, their children had contact with Mr. Boone, and so

5    they weren't willing to put anything in writing.

6            And so on the pattern points, I would just ask the

7    Court again to consider these videos were made over a two-day

8    time frame, they were short videos.  Without those points, he

9    would be looking at a significantly less sentence on the

10   guideline range, so we would ask the Court to keep that in

11   mind.

12           As for a facility, there is, my understanding, a

13   facility in Petersburg, Virginia, that has sexual offender

14   treatment.  That is near his sister and grandmother.  At this

15   time, that's the only family that he's having contact with.

16   His father has refused to speak to him since the date of his

17   arrest.  He has had some contact with his wife early on.  But

18   we would ask the Court to consider making a recommendation for

19   that facility, and just to, as Mr. Boone asked in his letter,

20   provide a term of years that will allow him to get his

21   counseling in prison and prove to the Court that he can change,

22   overcome this, and be a productive member of society.

23           **THE COURT:**  Thank you.

24           Mr. Boone, is there anything you'd like to say today?

25   As I said, I've read your letter.  If you would like to address

1  the Court here in open court, you are free to do so, and I will

2  consider and hear you.

3          **THE DEFENDANT:**  Not at this time, Your Honor.

4          **THE COURT:**  Thank you.

5          Mr. Goldberg, for the government?

6          **MR. GOLDBERG:**  Your Honor, when I was considering what

7  to say to the Court today, I reviewed Document 38, which is the

8  final PSR, and I was looking at paragraph 34, which is the

9  Victim Impact Statement of the mother of the four-year old, and

10  it occurred to me that I can't say anything more than what is

11  said there.  I think she articulates it best.

12          This is a horrifying crime.  The Court can tell from

13  the offense conduct it's all around October 1st because the FBI

14  and the United States Attorney's Office and the Okaloosa County

15  Sheriff's Office was able to get there fast enough, and I only

16  hope and pray we stopped it before it got any worse, but a

17  child was rescued from this defendant that night.  I don't know

18  that there's anything more grave than that.

19          I would ask, when you impose sentence, that you do

20  consider Count Three does involve obviously other victims, so

21  there should be some sort of recognition of their victimization

22  as well.  Counts One and Two are the four-year old.  Count

23  Three, those are different victims, as articulated in the PSR.

24  And I'd defer to the Court as to the ultimate sentence.

25          I do have a motion for final order of forfeiture for

1    the who devices utilized to commit the offense.

2          May I approach Madam Clerk for the Court's

3    consideration?

4          **THE COURT:**  Yes.

5          **MR. GOLDBERG:**  And that's all I have.

6          **THE COURT:**  I have a couple of questions I'd like to

7    see if, Mr. Goldberg, you could answer or, Ms. Hendrix, you as

8    well.  This crime and the conduct appears to me to constitute a

9    sexual battery under Florida law under Chapter 794.011(1)(H).

10          The video depicting Mr. Boone and his penis touching

11    the child's vagina would, in my view, constitute a union.  And

12    if that be the case, this would have been a capital offense

13    under Florida law.

14          Do you disagree, Mr. Goldberg?

15          **MR. GOLDBERG:**  I don't disagree.  This case came in as

16    a federal case, and that's how it was charged.  But the

17    defendant's contact between his penis and the vagina of the

18    victim creates a union under the law.

19          **THE COURT:**  My review of the case law is consistent

20    with that.  That's how I view the case law and the

21    interpretation of that statute, which would only make sense if

22    I was interpreting it myself without even looking at the

23    Florida case law.  The statute refers to penetration or a

24    union, and so a union must be something less than a

25    penetration.

1          Also, Mr. Goldberg, I'll ask you and then I'll turn to

2    Ms. Hendrix in reference to my last question.  Had this been

3    committed on a military base -- I'm assuming it was not.  They

4    lived in Shalimar, but it was not on the base; is that correct?

5          **MR. GOLDBERG:**  That is correct.

6          **THE COURT:**  But had it been committed within the

7    maritime or territorial jurisdiction of the United States or

8    had it been committed by Mr. Boone by crossing state lines in

9    order to engage in the sexual act, it would be a minimum

10   mandatory of 30 to life, is that correct, under 2241?

11         **MR. GOLDBERG:**  I'd have to look that up, Your Honor.

12   As I'm sure you can imagine, I was not prepared for that

13   question.

14         **THE COURT:**  Right.  Well, it's 2241(c).  Do you have

15   your code?

16         **MR. GOLDBERG:**  Would that be the aggravated sexual

17   abuse?

18         **THE COURT:**  It's under that statute, yes.  But it's

19   the section, I guess, of the statute dealing with a child and

20   under the age of 12.

21         **MR. GOLDBERG:**  Yes, I think that's an accurate

22   recitation.

23         **THE COURT:**  My review of the statute does not require

24   force or threat of kidnapping or anything like that if it's a

25   child under the age of 12.

1    **MR. GOLDBERG:**  That's correct.  Based on the age of

2    this child, who was four years old, that's accurate.

3    **THE COURT:**  So, Ms. Hendrix, if you wish to address

4    either of those questions, I will hear from you.

5    **MS. HENDRIX:**  Your Honor, I would agree with

6    Mr. Goldberg's assessments on both.

7    **THE COURT:**  All right.  Thank you.

8    Well, the law requires me to consider several things

9    in imposing a sentence in any case, the first of which is the

10   nature and circumstances of the offense that is present before

11   the Court, and then also the defendant or Mr. Boone's history

12   and characteristics.

13   And there is little, if anything -- in fact, I can't

14   think of anything more serious, more grave or depraved than

15   your crime in this case, Mr. Boone.  In terms of what I see in

16   this courtroom, it is about as grave and serious as it gets.

17   As for your history and characteristics, I recognize

18   that you have no criminal history, and I also recognize that

19   you were abused yourself as a child.  But in light of the

20   seriousness of the offense in this case and the fact that it

21   involved abuse against your own very young child, I don't

22   accept that in mitigation.

23   I don't have any answers for the conduct, but again, I

24   can't accept, and I don't, that your childhood somehow

25   mitigates -- maybe it explains it.  I'm not a psychologist.

1   I'm not a sex therapist.  It might offer some explanation, but

2   it doesn't mitigate it.

3          There is certainly something about you that is very,

4   very wrong that led you to engage in this conduct.  But again,

5   there are no answers for it here in the courtroom other than a

6   very lengthy period of incarceration.

7          Also, I would note that in these types of cases -- and

8   I've had more than my fair share -- I'm more concerned when I

9   have someone before me in this type of a case that engages in

10  this type of behavior when it is so uncharacteristic.  In other

11  words, this conduct is so different from the rest of your life.

12  And in these cases, that makes you more dangerous, because

13  people don't expect it and you fly under the radar.

14         From what I can tell you, you were a family man,

15  military, good father in all other respects, loved by your

16  family, and just no one would be on the lookout for this, which

17  makes me concerned about the community in the future.

18         Also, in this case, I recognize and respect

19  Ms. Hendrix's argument about the fact that there's no evidence

20  that this took place over multiple periods of time -- weeks,

21  months, years.  But it's also the case that you didn't just

22  snap and have sort of a momentary loss or absence from reality.

23  I mean, you chatted about this, and you had the presence of

24  mind to do that.  You photographed it, you videoed it.  And it

25  wasn't just one time; there were multiple incidents over the

1    course of at least a couple of days.

2              And I do credit law enforcement.  If it hadn't been

3    for their quick response and action, I have no doubt that there

4    would have been further abuse of the victim that evening.

5              Also the fact that you were in the military is not a

6    mitigator.  It's an aggravator in my mind.  You were someone

7    who was in a position of honor in the community, and that as

8    well is something, again, that raises my concerns about your

9    future in the community because you were someone who no one

10   would have expected to do something so heinous as this.

11             So my sentence must reflect the seriousness of the

12   offense, which I have spoken to.  It must also promote respect

13   for the law.  That's why I asked the questions that I did just

14   now of the attorneys in regards to sexual battery under Florida

15   law and then aggravated sexual abuse under federal law in terms

16   of what the legislature, Congress, as well as the Florida

17   legislature considers in terms of the seriousness of this

18   behavior.

19             And as I believe under Florida law, and counsel seems

20   to agree with me, this would be a capital battery -- a capital

21   felony offense of sexual battery under Florida law, which would

22   carry a death penalty.  And I don't speak to why it wasn't

23   charged that way, but it doesn't change the conduct, it doesn't

24   change the fact that that is how serious society views this

25   conduct.

1          My sentence must also provide just punishment for the

2     offense.  It must afford adequate deterrence to you and others

3     who engage in criminal conduct to try to deter that, and the

4     sentence must also protect the public from further crimes by

5     you and should also take into account the need to avoid --

6          Ms. Hendrix, do you have something?

7          **MS. HENDRIX:**  Well, Judge, I just wanted to -- I do

8     death penalty work in state court.  It wouldn't subject him to

9     the death penalty.  It would subject him to a life sentence.

10         **THE COURT:**  I don't know.  That's not how I read the

11    statute.  I mean, I have the statute in front of me.  I

12    understand that maybe what your experience is, so that's fine

13    if that's your understanding.  But when I read the statute, as

14    I said, 794.011, sexual battery, and I look to how the Florida

15    legislature has defined sexual battery, it means "oral, anal,

16    or vaginal penetration by or union with" -- "or union with the

17    sexual organ of another or the anal or vaginal penetration of

18    another with any other object.  However, sexual battery does

19    not include an act done for bona fide medical purpose."

20         My review of the case law and just my statutory

21    construction would tell me that penetration is not required.

22         **MS. HENDRIX:**  I'm not saying that.  I'm saying it

23    wouldn't subject him to the death penalty.

24         **THE COURT:**  Just the capital would be life, not the

25    death penalty?

14

1          **MS. HENDRIX:**  Yes, Your Honor.

2          **THE COURT:**  All right, now I understand what you're

3   saying.  I appreciate that distinction.

4          So then it would subject you to a mandatory life, I

5   presume without the possibility of parole.

6          **MS. HENDRIX:**  That's correct.

7          **THE COURT:**  So a life sentence without the possibility

8   of parole under that statute.

9          Mr. Goldberg, do you disagree?  I presumed it was a

10  capital, meaning a death penalty offense, but, again, it could

11  just be life without the possibility of parole.

12         **MR. GOLDBERG:**  I believe it's life, Your Honor.

13         **THE COURT:**  Okay.  And then, as I said, this sentence

14  must also take into account the need to avoid unwarranted

15  sentencing disparities among similar defendants.

16         This Court has handed out and imposed life sentences

17  in cases far less egregious than this, Mr. Boone.  In fact, the

18  guidelines and the statute actually allows for life in cases in

19  which there may not be any hands-on contact at all with a

20  victim.

21         And I've had those cases, and counsel are probably

22  familiar with them.  I'm not going to go through them and name

23  defendants by name.  But this conduct, again, ranks at the top

24  of the list in terms of egregious and heinous because it

25  involves your own child and at such a young age.  And as I

1  said, you had the presence of mind to video, photograph,

2  distribute, and chat about it, and indicate your intent to

3  continue with the abuse had it not been for the quick action of

4  law enforcement.

5           And so, with all of that said, Mr. Boone, I don't see

6  any reason and cannot find a reason to deviate from the

7  guidelines in this case.  And the guideline, as I said, is 840

8  months.  That is 70 years.  And that's what the Sentencing

9  Commission directs me to do to achieve a guideline sentence

10 that is running the statutory maximum terms together, and so

11 that's what I'm going to do today.

12          If I happen to be wrong -- I don't think I am, and I

13 don't even really have an objection about the pattern and

14 practice.

15          What would the range have been, Ms. Hendrix, if that

16 had not applied?

17          **MS. HENDRIX:**  He would have been a 39, which would

18 have been 262 to 327.

19          **THE COURT:**  If I incorrectly applied that pattern and

20 practice provision under Chapter 4, then I would impose the top

21 end of that range.

22          Again, what was the top end?

23          **MS. HENDRIX:**  It was 327.

24          **THE COURT:**  327.  So, alternatively, that would have

25 been my sentence as opposed to the 840 months.

1         The Court will also impose a lifetime term of

2    supervision.  That will be on all three counts.

3         Ms. Hendrix, have you been over the conditions of

4    supervision with Mr. Boone before today?

5         **MS. HENDRIX:**  Yes, Your Honor.

6         **THE COURT:**  Is there any question or need for

7    clarification about those conditions?

8         **MS. HENDRIX:**  No, Your Honor.

9         **THE COURT:**  And under the Chapter 4 enhancement, let

10   me just be clear, it is a 5-level adjustment for the pattern.

11   If I said 4, I misspoke.

12        Mr. Boone, I'm going to ask if you would please rise

13   so I may formally pronounce sentence.

14        *[Defendant complies.]*

15        Pursuant to your plea of guilty, Mr. Boone, you are

16   hereby adjudicated guilty of Counts One, Two, and Three of the

17   indictment.

18        I do find that the Presentence Investigation Report,

19   as it's been modified here today in paragraph 109, to be

20   accurate.  I order the findings of the report incorporated into

21   the following sentence:

22        Pursuant to the Sentencing Reform Act of 1984 and all

23   amendments to that law, it is the judgment of this Court that

24   the defendant, Jeffrey W. Boone, is hereby committed to the

25   custody of the Bureau of Prisons to be imprisoned for a total

1   term of 840 months.

2          Ms. Dancy, do you know -- you didn't break this down.

3   It would just be in terms of -- per count, it would be the 30

4   years, 20 years, and 20 years all ran consecutively?

5          **U.S.P.O. DANCY:**  Yes, Your Honor, 360, 240, and 240.

6          **THE COURT:**  All right.  So that would be comprised of

7   360 months on Counts One, 240 months on Counts Two, and 240

8   months on Count Three, all to run consecutive one with the

9   other in terms of the terms.

10         Mr. Boone, as indicated, I do find that this sentence

11  is sufficient but not greater than necessary to comply with the

12  statutorily defined purposes of sentencing, which I've been

13  over, as outlined in 18 U.S.C. 3553(a).

14         I do recommend your designation to serve this sentence

15  to a federal correctional facility in Petersburg, Virginia.

16  I'm not sure of the name of that facility, but I would just

17  reflect the city and state in which it's located.

18         Also, it is the strong recommendation of the Court

19  that Mr. Boone participate in a sex offender treatment program

20  during his incarceration.

21         Mr. Boone, you may be seated.

22         *[Defendant seated.]*

23         At this time, Mr. Boone, I find that you do not have

24  the financial ability to pay a fine, nor the $5,000 JBTA

25  special assessment, given the restitution that will be ordered,

1    and therefore, those monetary obligations are waived.

2               However, pursuant to law, there is a special monetary

3    assessment based on the nature of the felony convictions.   It

4    is a total special assessment of $300, $100 for each of the

5    three felony counts.   That is nonwaivable and due and payable

6    immediately.

7               Pursuant to 18 U.S.C. 2259(a), there is an assessment

8    of up to $50,000 that is required as mandatory, and therefore I

9    will impose a $1,000 assessment that is due and payable

10   immediately.

11              Restitution is hereby ordered in this case in the

12   amount of $12,000.   I will waive interest on that amount, and

13   that will be paid in $3,000 per victim that are listed in the

14   newly revised paragraph 109 of the Presentence Report.

15   Restitution is, again, mandatory and due and payable

16   immediately.

17              On your release from custody, you'll be placed on a

18   period of lifetime supervision as to each of the three counts

19   with those terms to run concurrent one with the other.

20              Supervision will be under the mandatory and standard

21   conditions adopted in this district, including DNA testing and

22   sex offender registration requirements together with the

23   special conditions that are outlined in paragraph 99, sections

24   a) through s) of the Presentence Report, which I have just

25   confirmed with your counsel that she has been over with you and

1    there are no questions about those conditions.

2            At this time, again, after considering all of the

3    factors that I must consider under the law, I do find at this

4    time that a sentence of 840 months is sufficient but not

5    greater than necessary to comply with the purposes of

6    sentencing set forth under the law.

7            The total sentence is 840 months, lifetime

8    supervision, $12,000 in restitution, and a $300 special

9    monetary assessment, as well as a $1,000 assessment as required

10   under the AVAA statute.

11           And then, finally, consistent with the final order of

12   forfeiture that has now been signed by the Court, Mr. Boone's

13   interest in the items of property outlined in that order, the

14   electronic computer and iPhone, that property as listed in the

15   final order of forfeiture is hereby forfeited to the United

16   States.

17           Ms. Hendrix, anything else?

18       **MS. HENDRIX:**  No, Your Honor.

19       **THE COURT:**  Mr. Goldberg?

20       **MR. GOLDBERG:**  Nothing from the government.

21       **THE COURT:**  Mr. Boone, you do have the right to appeal

22   from this decision.  Should you choose to do so, your notice of

23   appeal must be filed within 14 days of the date of the Court's

24   written judgment.

25           If you cannot afford the cost of an appeal, you may

1   file for leave to appeal at no cost to you.  On request, we

2   would file a notice of appeal immediately on your behalf.  I

3   know, though, Ms. Hendrix will talk to you further about your

4   appeal rights.  Just keep in mind the 14-day window is strictly

5   enforced, and if you intend to challenge this decision, you

6   should do so during that time frame.

7           Otherwise, if there's nothing else, the Court is in

8   recess until eleven o'clock.

9               *(Proceedings concluded at 9:36 a.m.)*

10                      --------------------

11  *I certify that the foregoing is a correct transcript from the*
    *record of proceedings in the above-entitled matter.  Any*
12  *redaction of personal data identifiers pursuant to the Judicial*
    *Conference Policy on Privacy are noted within the transcript.*

13

14
        *s/Donna L. Boland*                    *5-18-2022*
15      *Donna L. Boland, RPR, FCRR*           *Date*
        *Official Court Reporter*

16

17

18

19

20

21

22

23

24

25