IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

## 22-11153-JJ

**UNITED STATES OF AMERICA,**
Plaintiff-Appellee,

vs.

**JEFFREY BOONE, JR.,**
Defendant-Appellant.

**BRIEF OF PLAINTIFF-APPELLEE
UNITED STATES OF AMERICA**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

**JASON R. COODY**
United States Attorney

**ROBERT G. DAVIES**
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 704301
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000
robert.davies@usdoj.gov

ECCA NO. 22-11153-JJ                     United States v. Boone
D.C. No. 3:21cr71/MCR

## **CERTIFICATE OF INTERESTED PERSONS**

BOONE, JR., JEFFREY, DEFENDANT/APPELLANT

COODY, JASON R., U.S. ATTORNEY

DAVIES, ROBERT G., ASSISTANT U.S. ATTORNEY

GOLDBERG, DAVID L., ASSISTANT U.S. ATTORNEY

GORDON, AMANDA, ASSISTANT U.S. ATTORNEY

HENDRIX, MICHELLE L., FORMER COUNSEL FOR
DEFENDANT/APPELLANT

LOWENTHAL, SHERYL J., COUNSEL FOR DEFENDANT/APPELLANT

RODGERS, M. CASEY, U.S. DISTRICT JUDGE

TIMOTHY, ELIZABETH M., RETIRED U.S. MAGISTRATE JUDGE

I HEREBY CERTIFY that the above constitutes a complete list of interested

persons to this appeal as described in the Rules of the United States Court of

Appeals for the Eleventh Circuit Rev. (08/01/22), 11th Cir. R. 28-1(b) and 11th

Cir. R. 26.1-1.

                                        /s Robert G. Davies
                                        ROBERT G. DAVIES
                                        Assistant U.S. Attorney

## STATEMENT REGARDING ORAL ARGUMENT

The government believes the issues and arguments are adequately addressed in the briefs, and therefore, does not request oral argument.

# **TABLE OF CONTENTS**

PAGE(S)

CERTIFICATE OF INTERESTED PERSONS ........................................... C-1 of 1

STATEMENT REGARDING ORAL ARGUMENT ................................................i

TABLE OF CONTENTS........................................................................... ii

TABLE OF CITATIONS ......................................................................iv

STATEMENT OF JURISDICTION...................................................... vii

STATEMENT OF THE ISSUES...............................................................1

STATEMENT OF THE CASE...................................................................2

    (i)     Course of Proceedings and Dispositions in the Court Below ...............2

    (ii)    Statement of the Facts ..........................................................2

    (iii)   Standards of Review.............................................................10

SUMMARY OF THE ARGUMENT ....................................................14

ARGUMENT AND CITATIONS OF AUTHORITY ............................................16

    I.     BOONE'S CLAIM THAT THE DISTRICT COURT
           IMPROPERLY IMPOSED A U.S.S.G. § 4B1.5(b)(1)
           ENHANCEMENT IS PRECLUDED BY THE INVITED
           ERROR DOCTRINE.  ALTERNATIVELY, THE DISTRICT
           COURT DID NOT COMMIT ERROR, LET ALONE PLAIN
           ERROR BY IMPOSING THE ENHANCEMENT ...........................16

    II.    THE DISTRICT COURT'S SENTENCE WAS NOT
           RENDERED UNREASONABLE BECAUSE THE DISTRICT
           COURT CONSIDERED THE FACT THAT BOONE WAS IN
           THE MILITARY AND HELD A POSITION OF HONOR
           IN THE COMMUNITY AS AN AGGRAVATING FACTOR IN
           THE PRESENT CASE ....................................................19

A.    Law regarding procedural reasonableness ...........................................19

B.    Law regarding substantive reasonableness ........................................20

C.    The district court's sentence was reasonable ....................................22

CONCLUSION ..........................................................................................24

CERTIFICATE OF SERVICE ..............................................................25

# TABLE OF CITATIONS

CASES:                                                                PAGE(S)

Gall v. United States, 552 U.S. 38 (2007) .........................................................19, 22

Government of the Canal Zone v. Burjan, 596 F.2d 690 (5th Cir. 1979) ..............23

Kimbrough v. United States, 552 U.S. 85 (2007)....................................................21

Puckett v. United States, 556 U.S. 129 (2009) .........................................................17

United States v. Booker, 543 U.S. 220 (2005) ....................................................... vii

United States v. Brannan, 562 F.3d 1300 (11th Cir. 2009) .....................................11

United States v. Cabezas-Montano, 949 F.3d 567 (11th Cir. 2020)................13, 19

United States v. Canada, 465 F. App'x 890 (11th Cir. 2012) (per curiam)............12

*United States v. Carpenter, 803 F.3d 1224 (11th Cir. 2015)........................... 16-18

United States v. Castenada, 997 F.3d 1318 (11th Cir. 2021) ........................... 20-22

United States v. Castro, 455 F.3d 1249 (11th Cir. 2006) (per curiam) ..................17

United States v. Cobb, 842 F.3d 1213 (11th Cir. 2016) (per curiam) ....................11

United States v. Cubero, 754 F.3d 888 (11th Cir. 2014)........................................21

*United States v. Delva, 922 F.3d 1228 (11th Cir. 2019) ........................... 20, 22-23

United States v. DiFalco, 837 F.3d 1207 (11th Cir. 2016)......................................17

United States v. Dixon, 901 F.3d 1322 (11th Cir. 2018).........................................20

United States v. Dudley, 5 F.4th 1249 (11th Cir. 2021),
    cert. denied, 142 S. Ct. 1376 (2022).............................................................17

*United States v. Fox, 926 F.3d 1275 (11th Cir. 2019)............................... 18, 20-22

iv

United States v. Grady, 18 F.4th 1275 (11th Cir. 2021),
    cert. denied, 142 S. Ct. 2871 (2022) ............................................................16

United States v. Hesser, 800 F.3d 1310 (11th Cir. 2015) (per curiam) ...................17

*United States v. Innocent, 977 F.3d 1077 (11th Cir. 2020),
    cert. denied, 141 S. Ct. 2827 (2021) ........................................................ 11-12

United States v. Irey, 612 F.3d 1160 (11th Cir. 2010) (en banc) ...........................22

*United States v. Issac, 987 F.3d 980 (11th Cir. 2021) ............................... 18, 20-23

*United States v. Johnson, 803 F.3d 610 (11th Cir. 2015) .......................... 20, 22-23

*United States v. Kushmaul, 984 F.3d 1359 (11th Cir. 2021) (per curiam) ..... 16-18

*United States v. Love, 449 F.3d 1154 (11th Cir. 2006) (per curiam) ............. 10-12

United States v. McBride, 511 F.3d 1293 (11th Cir. 2007) (per curiam) ...............22

*United States v. Pendergraft, 995 F.3d 858 (11th Cir. 2021) .......................... 11-12

United States v. Reed, 391 F. App'x 857 (11th Cir. 2010) (per curiam) ...............19

*United States v. Riley, 995 F.3d 1272 (11th Cir. 2021) ........................... 20-21, 23

United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005) ........................... 16-17

United States v. Ross, 131 F.3d 970 (11th Cir. 1997) ...................................... 10-11

United States v. Stanley, 739 F.3d 633 (11th Cir. 2014) .................................. 20-21

United States v. Thomas, 32 F.4th 1073 (11th Cir. 2022) ........................................2

United States v. Turner, 626 F.3d 566 (11th Cir. 2010) (per curiam) ......................2

United States v. Wayerski, 624 F.3d 1342 (11th Cir. 2010) ...........................19, 21

v

<u>United States v. Wetherald</u>, 636 F.3d 1315 (11th Cir. 2011) ...................................13

<u>United States v. Whyte</u>, 928 F.3d 1317 (11th Cir. 2019) .........................................21

<u>OTHER</u>:

18 U.S.C. § 2251(a) ...........................................................................................2

18 U.S.C. § 2251(e) ...........................................................................................2

18 U.S.C. § 2252A(a)(2) ...................................................................................2

18 U.S.C. § 2252A(a)(5)(B) .............................................................................2

18 U.S.C. § 2252A(b)(1) ...................................................................................2

18 U.S.C. § 2252A(b)(2) ...................................................................................2

18 U.S.C. § 3231 ............................................................................................ vii

18 U.S.C. § 3553(a) ............................................................................ vii, 8, 20-22

18 U.S.C. § 3553(a)(1) .....................................................................................23

18 U.S.C. § 3742(a) ....................................................................................... vii

28 U.S.C. § 1291 ........................................................................................... vii

U.S.S.G. § 4B1.1 ..............................................................................................6

U.S.S.G. § 4B1.5(a) ..........................................................................................6

U.S.S.G. § 4B1.5(b)(1) ........................................................... 1, 6-7, 12, 14, 16, 18

U.S.S.G. Sentencing Table .............................................................................6

## <u>STATEMENT OF JURISDICTION</u>

Pursuant to 28 U.S.C. § 1291, the Court of Appeals has jurisdiction of appeals from all final decisions of the district courts of the United States except where a direct review may be had in the Supreme Court.

Pursuant to 18 U.S.C. § 3742(a), a defendant may appeal a sentence that is imposed in violation of law or that is "unreasonable with regard to [18 U.S.C.] § 3553(a)". <u>United States v. Booker</u>, 543 U.S. 220, 260-61 (2005).

Pursuant to 18 U.S.C. § 3231, the district court had jurisdiction to preside over this case.

## STATEMENT OF THE ISSUES

### ISSUE I

**WHETHER THE INVITED ERROR DOCTRINE PRECLUDES BOONE'S CLAIM THAT THE DISTRICT COURT IMPROPERLY IMPOSED A U.S.S.G. § 4B1.5(b)(1) ENHANCEMENT? ALTERNATIVELY, WHETHER THE DISTRICT COURT COMMITED PLAIN ERROR BY IMPOSING THE ENHANCEMENT?**

### ISSUE II

**WHETHER THE DISTRICT COURT'S SENTENCE WAS RENDERED UNREASONABLE BY THE COURT'S COMMENT THAT IT CONSIDERED THE FACT THAT BOONE WAS IN THE MILITARY AND HELD A POSITION OF HONOR IN THE COMMUNITY TO BE AN AGGRAVATING FACTOR IN THE PRESENT CASE?**

## STATEMENT OF THE CASE

**(i)    Course of Proceedings and Dispositions in the Court Below**

In October 2021, a grand jury returned a three-count indictment against

Boone.  (Doc. 15).  The indictment charged Boone with (1) using a minor to

engage in sexually explicit conduct for the purpose of producing child

pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); (2) distributing child

pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1); and (3)

possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and

(b)(2).  (Doc. 15 - Pgs. 1-2).  Boone pleaded guilty as charged.  (Doc. 65 - Pg. 15;

Doc. 32).  The district court sentenced Boone to a total of 840 months

imprisonment (a 360-month term, a consecutive 240-month term, and a

consecutive 240-month term).  (Doc. 62 - Pgs. 16-17; Doc. 48 - Pg. 2).  Boone

timely appealed and is incarcerated.  (Doc. 48; Doc. 50).

**(ii)    Statement of the Facts**

Kik Messenger ("Kik") is an instant messaging application for mobile

devices.  (Doc. 29 - Pgs. 1, 6; Doc. 62 - Pg. 8; Doc. 38, ¶ 18).[1]  On October 1,

---

[1] Document 38 is the final presentence investigation report ("PSR").  Boone did not object to the draft or final PSR (which were materially consistent, except the final PSR added information regarding victim impact statements and restitution).  (Doc. 36; Doc. 38; Doc. 38, ¶¶ 121, 127; Doc. 42; Doc. 62 - Pgs. 2-5).  The district court could deem the facts in the final PSR to be admitted.  United States v. Thomas, 32 F.4th 1073, 1077 (11th Cir. 2022); United States v. Turner, 626 F.3d 566, 572 (11th Cir. 2010) (per curiam).

2021, an FBI Online Covert Employee had access to a Kik group wherein a user, with the username "younginsboo," distributed child sexual abuse material through a private message. (Doc. 29 - Pgs. 1, 6; Doc. 62 - Pg. 8; Doc. 38, ¶¶ 19-20). On October 1, 2022, younginsboo sent the FBI employee a private message that depicted a prepubescent female kneeling on a bed holding onto an adult male's erect penis. (Doc. 29 - Pgs. 1-2, 6; Doc. 62 - Pg. 8; Doc. 38, ¶ 20). The image showed camouflage shorts the male was wearing, specific clothing the minor was wearing, and specific bedsheets. (Id.).

On October 1, 2021, younginsboo sent the FBI employee a private message that contained an image of what appeared to be the same prepubescent female, based on the clothing she was wearing. (Id.). In this image, the minor's face was exposed and she was holding onto the adult male's erect penis. (Id.). The image depicted the male wearing the same shorts, the minor wearing the same clothing, and the same bedsheets. (Id.).

On October 1, 2021, younginsboo sent the FBI employee a private message that stated, "Soon I'll have video for you." (Id.). The FBI employee asked "what do you mean?" and younginsboo replied "We should get some play time soon." (Id.). The FBI employee said "You with her?" and younginsboo replied "mmm hmmm." (Id.). On October 1, 2021, younginsboo sent the FBI employee a private message that stated "Waiting for my wife to leave." (Id.). Then younginsboo sent

a purple-colored devil emoji, which was followed by an image of the prepubescent female standing on a bed with her pants pulled down showing her purple underwear, and her shirt spread open exposing her bare stomach area. (Doc. 29 - Pgs. 1-3, 6; Doc. 62 - Pg. 8; Doc. 38, ¶ 20). In the background were the same bedsheets that were visible in the previous images. (Id.).

Through an emergency disclosure request and other investigation, the FBI ascertained that younginsboo was defendant Boone who was active duty military, and who lived at a specific address in Shalimar, Florida, with three minor children, including one who appeared to be the minor female in the images. (Doc. 29 - Pgs. 3-4, 6; Doc. 62 - Pg. 8; Doc. 38, ¶¶ 21-25). On October 1, 2021, a United States Magistrate Judge issued a search warrant for Boone's residence, which law enforcement officers executed a few hours later. (Doc. 29 - Pg. 4, 6; Doc. 62 - Pg. 8; Doc. 38, ¶ 26). Inside the residence, officers found Boone, who was wearing the camouflage shorts shown in the images. (Id.). Inside the residence, officers found the bedsheets shown in the images. (Id.). Inside the residence, officers found the minor female, who was wearing the clothes shown in the images. (Id.). The minor female was Boone's four-year-old daughter. (Doc. 38, ¶ 26).

In Boone's personal electronic device, law enforcement found the Kik application with the username "younginsboo." (Doc. 29 - Pg. 4, 6; Doc. 62 - Pg. 8; Doc. 38, ¶ 26). Boone's personal electronic device contained videos/images of

4

Boone's production of child pornography involving his daughter.  (Id.).  Boone's personal electronic device also contained 158 videos and 249 images depicting the sexual abuse of other children (not produced by Boone).  (Doc. 29 - Pg. 4, 6; Doc. 62 - Pg. 8; Doc. 38, ¶ 27).

The child sexual abuse material that Boone produced using his daughter included two videos and approximately 15 images, including the images discussed above.  (Doc. 38, ¶ 27).  In several of the images, Boone's daughter was in the bed, on her back, with her pants pulled down exposing her vagina and anus.  (Id.).  The material included videos and/or images depicting Boone's daughter masturbating Boone, and Boone "slapping" his penis against his daughter's exposed vagina.  (Id.).  "The CSAM [child sexual abuse material] produced of his daughter all appeared to have been created on separate instances in or around the time frame of the indictment."  (Id.).

The final PSR recommended that Boone's base offense level be set at 32.  (Doc. 38, ¶ 39).  The final PSR recommended that the district court impose a four-level enhancement because the victim was under 12-years-old, a two-level enhancement because the offense involved commission of a sexual act or sexual contact, a two-level enhancement because Boone knowingly distributed child pornography, and a two-level enhancement because Boone was a parent of the victim.  (Doc. 38, ¶¶ 40-47).  The final PSR recommended that the district court

5

impose a five-level enhancement under U.S.S.G. § 4B1.5(b)(1) because (1) the offense of conviction was a covered sex crime and neither § 4B1.1 nor § 4B1.5(a) applied, and (2) Boone engaged in a pattern of activity involving prohibited sexual conduct. (Doc. 38, ¶ 48). The PSR stated Boone "engaged in a pattern of activity involving prohibited sexual conduct when he produced child sexual abuse material on at least two separate occasions. [Boone] produced images/videos of the victim masturbating him and of him 'slapping' his penis on the victim's vagina." (Id.).

The PSR recommended that Boone receive a three-level reduction for acceptance of responsibility. (Doc. 38, ¶¶ 49-50). Although the base offense level, enhancements, and reduction resulted in a total offense level of 44, Boone's total level was set at 43 because that is the highest total offense level in the U.S.S.G. Sentencing Table. (Doc. 38, ¶ 51). Boone had no criminal history and his criminal history category was I. (Doc. 38, ¶¶ 53-55). At total offense level 43, criminal history I, Boone's Guidelines range was life imprisonment under the U.S.S.G. Sentencing Table. (Doc. 38, ¶¶ 91-92). However, since the total statutory maximum sentence allowed in this case was 840 months imprisonment, that was the Guidelines range Boone faced in this case. (Id.).

The final PSR contained a statement from Boone's wife. (Doc. 38, ¶ 34; Doc. 38-3). In sum, Boone's daughter and wife both suffered, and continue to suffer, a tremendous amount of pain, trauma, and hardship because of Boone's

crimes.  (Id.).  Boone's two minor sons have also suffered because of Boone's crimes.  (Id.).  Several of the victims of the child pornography that Boone possessed, but did not produce, submitted victim impact statements.  (Doc. 38, ¶ 33; Doc. 38-1; Doc. 38-2; Doc. 38-4).  Those victims also suffered extreme trauma and hardship because of Boone's crimes.  (Id.).

Boone served honorably in the U.S. Army from September 2016 until the time of his arrest, including service in Afghanistan for ten months in 2019-20. (Doc. 38, ¶¶ 83-85).  Boone reported recurring nightmares about his deployment to Afghanistan, where he was tasked with moving the bodies of soldiers who had been ambushed and shot with machine guns.  (Doc. 38, ¶ 84).

Boone did not object to the draft PSR or the final PSR.  (Doc. 38, ¶ 121; Doc. 42; Doc. 62 - Pgs. 2-5).  After the final PSR was filed, Boone filed a sentencing memorandum in which he did not dispute that he should receive the five-level U.S.S.G. § 4B1.5(b)(1) pattern of activity enhancement, in which he stated he was "facing a sentence guidelines' recommended sentence of Life," and in which he argued the district court should vary below his advisory Guidelines range because the pattern of activity occurred over a two-day span and involved the same victim.  (Doc. 42 - Pgs. 1-2).  Boone's sentencing memorandum stated:

> Counsel did not object to the addition of points [the five-points for the § 4B1.5(b)(1) enhancement], because she is aware of case law that supports the addition of the points, but Defendant respectfully [requests the district court] to consider the relatively close time of the

7

offenses and the fact that one victim was involved in all of the
incidents.

(Doc. 42 - Pg. 2). Boone's sentencing memorandum then discussed Boone's

military service, lack of criminal history, and letters of support that family

members wrote for him. (Doc. 42 - Pgs. 2-3).

At the beginning of the sentencing hearing, the district court stated the final

PSR's recommended base offense level, enhancements, reduction, and 840-month

Guideline range. (Doc. 62 - Pgs. 2-3). The district court stated it was not aware of

any objections by Boone, but it would hear from his lawyer. (Doc. 62 - Pg. 3).

Boone's lawyer stated, "There were no objections filed. I researched the case law.

All the pattern points apply in this case. Although I've made some argument in my

sentencing memorandum regarding them, but I think that it was calculated

correctly." (Id.).

The district court stated it had reviewed Boone's sentencing memorandum,

Boone's character letters, and the victim impact statements, and the court turned to

Boone's lawyer for argument about the § 3553(a) factors and the sentence the court

should impose. (Doc. 62 - Pg. 5). Boone's lawyer asked the district court to

consider her sentencing memorandum, Boone's lack of criminal record, Boone's

military service, and the fact that a variance was justified because the pattern of

activity enhancement was based on events that occurred over a short period of

time.  (Doc. 62 - Pgs. 5-6).  The district court gave Boone an opportunity to allocute, and he declined to do so.  (Doc. 62 - Pgs. 6-7).

The government argued that it could not say much more than the victim's mother did in her victim impact statement, that Boone committed a horrifying crime, and that law enforcement rescued the victim from Boone committing an even worse crime against her.  (Doc. 62 - Pg. 7).  The government also argued that Count Three involved victims other than Boone's daughter and the district court should consider their victimization too.  (Id.).

The district court explained the reasons for its sentence and imposed sentence.  (Doc. 62 - Pgs. 8-17).  The district court found that Boone's crime was "about as grave and as serious as it gets."  (Doc. 62 - Pg. 10).  The district court noted that Boone committed a capital sexual battery under Florida state law, and if he had been convicted in state court he would have faced a life sentence.  (Doc. 62 - Pgs. 8, 12-14).  The district court found that Boone's crimes were especially egregious and heinous because they involved his "own child and at such a young age."  (Doc. 62 - Pg. 14).  The district court found "there were multiple incidents over the course of at least a couple of days.  And I do credit law enforcement.  If it hadn't been for their quick response and action I have no doubt that there would have been further abuse of the victim that evening."  (Doc. 62 - Pgs. 11-12).

The district court noted that Boone had no criminal record, had been abused as a child, and had served in the military, but found those factors did not mitigate to the point that the court should impose a below-Guidelines sentence. (Doc. 62 - Pgs. 10-15). The district court stated Boone's apparent good-standing in the community caused it some concern because such status can make a criminal more dangerous in that "people don't expect it and you fly under the radar." (Doc. 62 - Pgs. 10-11). The district court stated, "Also the fact that you were in the military is not a mitigator. It's an aggravator in my mind." (Doc. 62 - Pg. 12). The district court continued, "You were someone who was in a position of honor in the community, and that as well is something, again, that raises my concerns about your future in the community because you were someone who no one would have expected to do something as heinous as this." (Id.). The district court found that based on all of the facts present in this case it should impose a Guideline sentence, and the court imposed the 840-month sentence called for by the Sentencing Guidelines. (Doc. 62 - Pgs. 15-17).

**(iii)    Standards of Review**

**ISSUE I**

"It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam) (quoting United States v.

10

Ross, 131 F.3d 970, 988 (11th Cir. 1997)).  "The doctrine of invited error is

implicated when a party induces or invites the district court into making an error."

United States v. Cobb, 842 F.3d 1213, 1222 (11th Cir. 2016) (per curiam) (internal

quotation omitted); accord Love, 449 F.3d at 1157.  When a party affirmatively

encourages the district court to take action the party claims was improper on

appeal, the invited error doctrine precludes the appellate court from reviewing the

alleged error on appeal.  United States v. Pendergraft, 995 F.3d 858, 881 (11th Cir.

2021); United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009); Love, 449

F.3d at 1157.  When a party expressly disclaims an argument before the district

court, the invited error doctrine precludes the appellate court from considering the

argument on appeal.  United States v. Innocent, 977 F.3d 1077, 1085 (11th Cir.

2020), cert. denied, 141 S. Ct. 2827 (2021).

    In accord with the above principles, Innocent applied the invited error

doctrine to preclude appellate review of Innocent's argument that he was subject to

an Armed Career Criminal Act enhancement where Innocent's lawyer said he had

researched the issue and could not file a legal objection to the ACCA

enhancement.  Innocent, 977 F.3d at 1085.  Similarly, Pendergraft applied the

invited error doctrine to preclude an appellate challenge to a witness's testimony

about the identity of a person in a video where Pendergraft's lawyer stated she had

no objection to the government asking the witness why he considered Pendergraft

a suspect or noting that the suspect was left-handed, tall, and athletic.  Pendergraft, 995 F.3d at 881.  Also, Love applied the invited error doctrine to preclude appellate review of Love's challenge to a five-year term of supervised release when Love acknowledged below that the district court could impose a term of supervised release of up to five years.  Love, 449 F.3d at 1155-57.  Additionally, this Court has applied the invited error doctrine to preclude appellate review of the defendant's Guidelines range where the defendant's lawyer told the district court the defendant's total offense level was 27 and his Guidelines range was 70 to 87 months.  United States v. Canada, 465 F. App'x 890, 891 (11th Cir. 2012) (per curiam).

Prior to the sentencing hearing in this case, Boone recognized that the § 4B1.5(b)(1) enhancement applied, stated that he was facing a Guidelines sentence of life imprisonment, and requested the district court to vary downward from that range.  (Doc. 42 - Pgs. 1-2).  Furthermore, at the sentencing hearing, Boone's lawyer stated she had researched the case law and the pattern of activity enhancement applied (and again she requested a downward variance).  (Doc. 62 - Pg. 3).  This case is in accord with Innocent, Pendergraft, Love and Canada, and the Court should hold that the invited error doctrine precludes Boone's argument that the district court improperly applied the § 4B1.5(b)(1) enhancement against him.

## ISSUE II

This Court reviews sentences for procedural and substantive reasonableness under an abuse of discretion standard.  United States v. Cabezas-Montano, 949 F.3d 567, 605 (11th Cir. 2020); United States v. Wetherald, 636 F.3d 1315, 1320 (11th Cir. 2011).

13

## SUMMARY OF THE ARGUMENT

### ISSUE I

Boone disclaimed argument that the U.S.S.G. § 4B1.5(b)(1) enhancement was inapplicable in the present case and invited the district court to impose the enhancement. Accordingly, Boone's claim that the district court improperly imposed the § 4B1.5(b)(1) enhancement is precluded by the invited error doctrine. In any event, pursuant to binding precedent, the district court properly imposed the § 4B1.5(b)(1) enhancement.

### ISSUE II

This Court's review of the reasonableness of a district court's sentence is highly deferential, and the weight to be given to any specific § 3553(a) factor is committed to the sound discretion of the district court. With regard to the district court's comment about Boone being in the military, the fact that a defendant was well respected in the community and committed a heinous crime is a factor that a district court may consider in imposing sentence. To be sure, at times a defendant's past public service may constitute a mitigating factor with regard to the sentence to be imposed. However, in some cases that service may be outweighed by the defendant's abuse of his position of respect in the community such that, overall, his status becomes an aggravating factor with regard to the sentence to be imposed. The decision as to how to weigh service versus abuse of a

position of respect is one left to the district court's wide discretion.  The district

court properly considered the totality of the circumstances in this case, acted within

its discretion, and reasonably imposed a Guidelines sentence.

## ARGUMENT AND CITATIONS OF AUTHORITY

## ISSUE I

**BOONE'S CLAIM THAT THE DISTRICT COURT IMPROPERLY IMPOSED A U.S.S.G. § 4B1.5(b)(1) ENHANCEMENT IS PRECLUDED BY THE INVITED ERROR DOCTRINCE. ALTERNATIVELY, THE DISTRICT COURT DID NOT COMMIT ERROR, LET ALONE PLAIN ERROR, BY IMPOSING THE ENHANCEMENT.**

For the reasons set forth in the standards of review section, <u>supra</u>, Boone's claim that the district court improperly imposed a U.S.S.G. § 4B1.5(b)(1) enhancement is precluded by the invited error doctrine.

Assuming for the sake of argument that the invited error doctrine does not apply to Boone's claim, the Court would review Boone's claim for plain error because he did not object to the imposition of the § 4B1.5(b)(1) enhancement in the district court.  (Doc. 38, ¶ 121; Doc. 42; Doc. 65 - Pgs. 2-5).  <u>United States v. Grady</u>, 18 F.4th 1275, 1293 (11th Cir. 2021), <u>cert</u>. <u>denied</u>, 142 S. Ct. 2871 (2022); <u>United States v. Kushmaul</u>, 984 F.3d 1359, 1363 (11th Cir. 2021) (<u>per</u> <u>curiam</u>).

This Court "exercise[s] plain error review 'sparingly, and only in those circumstances in which a miscarriage of justice would otherwise result.'"  <u>United States v. Carpenter</u>, 803 F.3d 1224, 1238 (11th Cir. 2015) (quoting <u>United States v.</u>

16

Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005)); accord United States v. DiFalco, 837 F.3d 1207, 1221 (11th Cir. 2016). "To establish plain error, a defendant must show: (1) an error; (2) that was obvious; (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." United States v. Dudley, 5 F.4th 1249, 1255 (11th Cir. 2021), cert. denied, 142 S. Ct. 1376 (2022); accord DiFalco, 837 F.3d at 1220-21. "Meeting all four prongs is difficult, as it should be." Puckett v. United States, 556 U.S. 129, 135 (2009) (internal quotation omitted).

With regard to the second prong of the plain error test, "[w]hen the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." Kushmaul, 984 F.3d at 1363 (quoting United States v. Castro, 455 F.3d 1249, 1253 (11th Cir. 2006) (per curiam)); accord Carpenter, 803 F.3d at 1238-39. "[A] close call is not enough for [an appellant] to prevail on plain error review." Kushmaul, 984 F.3d at 1367. Where there is no precedent from the Supreme Court or this Court resolving an issue, in order to show that an error was plain, a defendant needs "to show that the plain language of the statute[] 'clearly' and 'obvious[ly]' resolved the issue. . . ." Id. (emphasis in original) (quoting United States v. Hesser, 800 F.3d 1310, 1325 (11th Cir. 2015) (per curiam)).

17

A district court is to impose a U.S.S.G. § 4B1.5(b)(1) pattern of activity enhancement if the defendant engaged in prohibited sexual conduct on at least two separate occasions whether the crimes were committed against the same victim or different victims. United States v. Issac, 987 F.3d 980, 994 (11th Cir. 2021); United States v. Fox, 926 F.3d 1275, 1280-81 (11th Cir. 2019). "The plain meaning of 'separate occasions' does not require two events that are unrelated. It requires only events that are independent and distinguishable from each other." Fox, 926 F.3d at 1280. "Multiple, distinct instances of abuse--whether ongoing, related, or random--meet the enhancement under § 4B1.5(b)(1)." Id.

In this case, Boone committed at least two distinct instances of abuse. (Doc. 38, ¶¶ 20, 26-27, 48). Boone has not satisfied the first prong of the plain error test, because the district court properly imposed the § 4B1.5(b)(1) enhancement. Furthermore, the district court is also due to be affirmed because Boone has not satisfied the second prong of the plain error test. Kushmaul, 984 F.3d at 1363, 1367; Carpenter, 803 F.3d at 1238-39.

## ISSUE II

**THE DISTRICT COURT'S SENTENCE WAS NOT RENDERED UNREASONABLE BECAUSE THE DISTRICT COURT CONSIDERED THE FACT THAT BOONE WAS IN THE MILITARY AND HELD A POSITION OF HONOR IN THE COMMUNITY AS AN AGGRAVATING FACTOR IN THE PRESENT CASE.**

A.      <u>Law regarding procedural reasonableness</u>.

A district court must impose a sentence that is procedurally and substantively reasonable. <u>Cabezas-Montano</u>, 949 F.3d at 605; <u>United States v. Wayerski</u>, 624 F.3d 1342, 1353 (11th Cir. 2010). A sentence may be procedurally unreasonable if the district court improperly calculated the Guidelines range, treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, based the sentence on clearly erroneous facts, or failed to adequately explain the chosen sentence. <u>Cabezas-Montano</u>, 949 F.3d at 605; <u>Wayerski</u>, 624 F.3d at 1353. A sentence may be procedurally reasonable even if the district court makes an insignificant procedural error. <u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007); <u>United States v. Reed</u>, 391 F. App'x. 857, 860 (11th Cir. 2010) (<u>per curiam</u>). As the party challenging his sentence, the defendant bears the burden to show that his sentence is unreasonable. <u>Cabezas-Montano</u>, 949 F.3d at 605.

B.    <u>Law regarding substantive unreasonableness</u>.

This Court "consider[s] whether a sentence is substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors." <u>United States v. Johnson</u>, 803 F.3d 610, 618 (11th Cir. 2015). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) give significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." <u>Issac</u>, 987 F.3d at 994 (internal quotation omitted); <u>accord</u> <u>Fox</u>, 926 F.3d at 1283. That said, the "weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." <u>Johnson</u>, 803 F.3d at 618; <u>accord</u> <u>United States v. Riley</u>, 995 F.3d 1272, 1279 (11th Cir. 2021). In determining a sentence, a district court must evaluate all of the § 3553(a) factors, but it can attach great weight to one factor over others, including the nature and circumstances of the offense. <u>Issac</u>, 987 F.3d at 995; <u>United States v. Delva</u>, 922 F.3d 1228, 1256 (11th Cir. 2019).

"[I]t is only the rare sentence that will be substantively unreasonable." <u>United States v. Dixon</u>, 901 F.3d 1322, 1351 (11th Cir. 2018) (internal quotation omitted); <u>accord</u> <u>United States v. Castenada</u>, 997 F.3d 1318, 1331-32 (11th Cir. 2021). In any given case, there is a range of reasonable sentences from which the district court may choose. <u>Castenada</u>, 997 F.3d at 1331; <u>United States v. Stanley</u>,

20

739 F.3d 633, 656 (11th Cir. 2014).  The sentencing judge "has greater familiarity with . . . the individual case and the individual defendant before him than the Commission or the appeals court," and "is therefore in a superior position to judge their import under § 3553(a) in each particular case."  Kimbrough v. United States, 552 U.S. 85, 109 (2007) (internal quotations omitted); accord United States v. Cubero, 754 F.3d 888, 892 (11th Cir. 2014).  As such, this Court's review for reasonableness is deferential, and the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of the record, the § 3553(a) factors, and the substantial deference afforded sentencing courts.  Riley, 995 F.3d at 1278; Fox, 926 F.3d at 1282.

Furthermore, given the deferential nature of the review, there "is an expectation of reasonableness when a district court imposes a sentence within the applicable Guidelines range."  Wayerski, 624 F.3d at 1353; accord Castenada, 997 F.3d at 1332; United States v. Whyte, 928 F.3d 1317, 1338 (11th Cir. 2019).  Moreover, this Court has "upheld time and again sentences that will outlast a child pornographer's life," and the fact that a district court imposed a sentence that amounts to a de facto life sentence does not mean the sentence was unreasonable.  Issac, 987 F.3d at 996; accord Fox, 926 F.3d at 1282.

Finally, the fact that an "appellate court might have concluded that a different sentence was appropriate is insufficient to justify reversal of the district

court." <u>Gall</u>, 552 U.S. at 51; <u>accord</u> <u>United States v. McBride</u>, 511 F.3d 1293, 1297 (11th Cir. 2007) (<u>per</u> <u>curiam</u>). "A district court's sentence need not be the most appropriate one, it need only be a reasonable one." <u>Castenada</u>, 997 F.3d at 1331 (quoting <u>United States v. Irey</u>, 612 F.3d 1160, 1191 (11th Cir. 2010) (<u>en</u> <u>banc</u>)). "Even as to a substantial variance, [this Court] will not reverse a sentence unless [it is] left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." <u>Johnson</u>, 803 F.3d at 618-19; <u>accord</u> <u>Delva</u>, 922 F.3d at 1256-57.

> C.    <u>The district court's sentence was reasonable</u>.

The government submits that Boone's contention that the district court improperly considered him being in the military as an aggravating factor is a challenge to the substantive reasonableness of the district court sentence. <u>See</u> <u>Issac</u>, 987 F.3d at 994; <u>Fox</u>, 926 F.3d at 1283. However, whether Boone's argument is a challenge to the substantive or procedural reasonableness of the district court's sentence, Boone's argument is without merit.

The district court carefully considered all the facts of the present case, and properly based its decision to impose a Guidelines sentence on the totality of the circumstances. (Doc. 62 - Pgs. 5-17). With regard to the district court's comment

about Boone being in the military, a large number of active-duty military and veterans live in Northwest Florida, and most citizens of the area are proud of that fact and consider members of the military to hold a position of honor in the community.[2]  The fact that a defendant was well respected in the community and committed a heinous crime is a factor that a district court may consider in imposing sentence.  18 U.S.C. § 3553(a)(1).

To be sure, at times a defendant's past public service may constitute a mitigating factor with regard to the sentence to be imposed.  However, in some cases that service may be outweighed by the defendant's abuse of his position of respect in the community such that, overall, his status becomes an aggravating factor with regard to the sentence to be imposed.  The decision as to how to weigh service versus abuse of position of respect is one left to the district court's wide discretion.  Johnson, 803 F.3d at 618; Riley, 995 F.3d at 1279; Issac, 987 F.3d at 995; Delva, 922 F.3d at 1256.  The district court properly considered the totality of the circumstances in this case, acted within its discretion, and reasonably imposed a Guidelines sentence.

---

[2] The government submits the Court may take judicial notice of this fact.  See Government of the Canal Zone v. Burjan, 596 F.2d 690, 693-94 (5th Cir. 1979). At a minimum, Boone has not shown that the district court committed clear error by finding that he was in a position of honor in the community.

## <u>CONCLUSION</u>

For the above-stated reasons, the United States respectfully requests that this Court affirm the judgment and sentence of the district court.

Respectfully submitted,

JASON R. COODY
United States Attorney

<u>/s Robert G. Davies</u>
ROBERT G. DAVIES
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 704301
21 East Garden Street, Suite 400
Pensacola, FL 32502
(850) 444-4000
robert.davies@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that one copy of the foregoing has been mailed to

Sheryl J. Lowenthal, 221 E. Government St., Pensacola, FL 32502-6018 this the

4th day of October, 2022.  On that same date this brief was electronically filed with

the Court.

/s Robert G. Davies
ROBERT G. DAVIES
Assistant U.S. Attorney