[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11153

————————————————

UNITED STATES OF AMERICA,

                                                  Plaintiff-Appellee,

*versus*

JEFFREY W. BOONE, JR.,
a.k.a. younginsboo,

                                                  Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cr-00071-MCR-1

————————————————

Before JORDAN, LAGOA, and HULL, Circuit Judges.

HULL, Circuit Judge:

Defendant Jeffrey Boone appeals his 840-month sentence imposed after he pled guilty to using a minor to produce child pornography, and distributing and possessing child pornography, in violation of 18 U.S.C. §§ 2251 and 2252A.  As detailed later, the child pornography Boone produced included images and videos of his serious and horrific sexual abuse of his own four-year-old daughter, and Boone's 840-month sentence is equal to the advisory guidelines sentence.  After careful review and with the benefit of oral argument, we affirm Boone's sentence.

## I. BACKGROUND

### A.    Offense Conduct

In October 2021, a three-count indictment charged Boone with using a minor to engage in sexually explicit conduct for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Count 1); distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (Count 2); and possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count 3).  Boone pled guilty to all three counts pursuant to a plea agreement in which the Government agreed not to file any further charges arising out of the same transactions. We recount the undisputed facts based on the factual proffer for Boone's guilty plea and the presentence investigation report ("PSR").

On October 1, 2021, an online covert employee ("OCE") with the Federal Bureau of Investigation ("FBI") received two separate private messages via Kik Messenger from a user with the name "younginsboo" that contained child pornography.[1] Specifically, each message contained a separate image of a prepubescent girl who was clearly less than ten years old holding onto an adult man's erect penis that was exposed out of a pair of camouflage shorts. In both images, the girl was wearing a distinctive outfit with pine trees on it and navy-blue bedsheets were visible in the background.

Younginsboo subsequently sent another private message to the OCE stating, "Soon I'll have a video for you." In response, the OCE asked, "[W]hat do you mean?" Younginsboo replied that he and the child in the images he previously sent "should get some play time soon" and that he was waiting for his wife to leave. The OCE replied, "You with her?", to which younginsboo responded "mmm hmmm." Younginsboo then sent the OCE a purple-colored devil emoji, followed by an image of the same child standing on a bed with her pants pulled down showing her underwear and her shirt spread open exposing her bare stomach area, again with navy-blue bedsheets in the background. The image led the OCE to believe the younginsboo individual had taken the pictures just prior to sending them and that he had immediate access to the child.

---

[1] Kik Messenger is an instant messaging application for mobile devices that allows users to share photographs, among other things.

Via an emergency disclosure request, the FBI obtained subscriber records from Kik Messenger for the username younginsboo and subscriber records from Cox Communication, Inc. for the IP address associated with younginsboo. The records identified Boone as the owner of the younginsboo account. Through law enforcement databases, the FBI located Boone's registered address in Shalimar, Florida and identified him as an active-duty member of the military. The FBI also determined that Boone had three minor children, one of whom appeared to be the child in the images sent to the OCE from younginsboo.

A magistrate judge issued a search warrant for Boone's residence, which was executed within a few hours, late in the evening of October 1. In the residence, the officers conducting the search found the child wearing the distinctive pine trees outfit seen in the images described above, the navy-blue bedsheets, and Boone wearing the camouflage shorts seen on the adult man in the images.

When they searched Boone's personal electronic device, the officers found fifteen images and two videos featuring the same child—later confirmed to be Boone's four-year-old daughter—including depictions of the child masturbating Boone, of Boone slapping his penis against the child's exposed vagina, and of the child lying on her back in the bed with her genitals exposed.[2]

---

[2] In Boone's sentencing memorandum, his counsel represented that Boone "recorded three videos over a two-day span," while the PSR provides that the child sexual abuse material Boone produced of his daughter "included two

Boone's device also contained 249 images and 158 videos involving the sexual abuse of other children not produced by Boone. This evidence resulted in the possession, production, and distribution of child pornography charges set out above.

## B.    Presentence Investigation Report

After Boone pled guilty to the charges, a PSR was prepared. The PSR grouped Boone's three counts together and assigned a total offense level of 43 after factoring in enhancements based on the victim's age and other offense characteristics. Pertinent to this appeal, the PSR recommended applying a five-level increase pursuant to U.S.S.G. § 4B1.5(b) because (1) the offense was a covered sex crime and neither § 4B1.1 nor § 4B1.5(a) applied and (2) Boone "engaged in a pattern of activity involving prohibited sexual conduct." As explained in the PSR, the pattern-of-activity enhancement applied because Boone "produced child sexual abuse material on at least two separate occasions," including "images/videos of the victim masturbating him and of him 'slapping' his penis on the victim's vagina."

With a criminal history category of I and a total offense level of 43—the highest total offense level in the Sentencing Guidelines' sentencing table—Boone's advisory guidelines range was life imprisonment. However, Boone's statutory maximum sentence for the production offense in Count 1 was 30 years, *see* 18 U.S.C.

---

videos." Because this difference is immaterial to the disposition of this case, we will proceed with the assumption that there were two videos featuring Boone's sexual abuse of his daughter on his device.

§ 2251(e), and for the distribution and possession offenses in Counts 2 and 3 was 20 years each, *see id.* § 2252A(b)(1), (b)(2). Because the statutory maximum sentence for each count was less than the original advisory guidelines sentence of life, U.S.S.G. § 5G1.2 provided that the sentences "shall run consecutively," which in turn yielded a total advisory guidelines sentence of 840 months.[3]

As special sentencing considerations, the PSR identified: (1) Boone's active military service, (2) his reported recurring nightmares and other issues stemming from his service in Afghanistan, (3) Boone's various traumatic childhood experiences, including years of undisclosed sexual abuse by a male relative,

---

[3] "Because the statutory maximum on each count was less than the advisory guidelines range of life imprisonment, the statutory maximum on each Count became the advisory guidelines range for each Count." *United States v. Sarras*, 575 F.3d 1191, 1208 (11th Cir. 2009); *see also United States v. Isaac*, 987 F.3d 980, 986 (11th Cir. 2021); *United States v. Kirby*, 938 F.3d 1254, 1257-58 (11th Cir. 2019); U.S.S.G. § 5G1.2 cmt. 3(B) ("The defendant's guideline range on the Sentencing Table may be affected or restricted by a statutorily authorized maximum sentence or a statutorily required minimum sentence not only in a single-count case, see § 5G1.1, but also in a multiple-count case."). And § 5G1.2(d) provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). Therefore, in this case, § 5G1.2(d) "called for the sentences for multiple counts to run consecutively as the advisory guidelines sentence." *Sarras*, 575 F.3d at 1209.

(4) the absence of any prior criminal history, and (5) the fact that the victim was Boone's four-year-old daughter.

Boone filed no objections to the PSR.

**C.    Sentencing**

During the sentencing hearing, Boone affirmatively stated that (1) he was subject to the pattern-of-activity enhancement pursuant to U.S.S.G. § 4B1.5(b)(1), and (2) the PSR correctly calculated his guidelines range at 840 months given his total offense level of 43 and the combined statutory maximum sentences for each count of his conviction.

Additionally, in his sentencing memorandum, Boone acknowledged that the pattern-of-activity enhancement was applied based on the videos he had recorded "over a two-day span involving the same victim" and advised that his "[c]ounsel did not object to the addition of these points because she is aware of case law that supports the addition of the points . . . ." Boone asked the district court to consider that his conduct overall appeared limited to a short period of time, that only one victim was involved, and that the sexual contact depicted in the videos did not include penetration. Boone also urged the district court to factor into his sentence his lack of any prior criminal history, his active-duty military service, and the recurring nightmares he experienced related to his service in Afghanistan. Boone concluded his memorandum by asking the district court to impose a term that was "less than the current guideline range of 840 months."

At the sentencing hearing, Boone raised no objections to the PSR. Defense counsel advised the district court that she had "researched the case law" and "[a]ll the pattern points apply in this case." In mitigation, defense counsel emphasized that Boone had no prior criminal record, was active-duty military for five years prior to committing the offense, and had served in Afghanistan. Defense counsel also asked the district court, again, to consider that Boone made the videos underlying his production offense in Count 1 "over a two-day timeframe" and that they were relatively short videos.

In response to the district court's query, the Government confirmed that Boone's contact with the victim in the penis-slapping video would constitute a capital sexual battery under Florida law, subjecting Boone to a life sentence if the crime was prosecuted in state court. The district court noted further that, pursuant to 18 U.S.C. § 2241, Boone's crime would have carried a mandatory minimum sentence of 30 years to life if it had occurred on a military base. Boone agreed with the Government and the district court's assessment as to the sentences that would be applicable to his crime under Florida law and § 2241.

After hearing the parties' arguments, the district court expressly reviewed the relevant § 3553(a) sentencing factors. The district court observed that to fashion an appropriate sentence, it was required to consider the nature and circumstances of Boone's offenses and his history and characteristics, among other factors. The court also cited the need for the sentence to reflect the severity

of the offenses and promote respect for the law, explaining that was why it had asked about Florida law and 18 U.S.C. § 2241. Analyzing those factors, the district court acknowledged that Boone had no criminal history and was abused himself as a child, but the court did not find those facts to mitigate the seriousness of Boone's offenses, which the court determined to be grave and depraved in that they involved planning and recording the sexual abuse of his own very young child.

Furthermore, the district court expressed its belief that Boone was particularly dangerous because his conduct was uncharacteristic, such that no one would be on the lookout for it. Countering defense counsel's argument that the offenses took place over a relatively short period of time, the district court found it significant that Boone orchestrated and chatted about the sexual abuse of his daughter, engaged in "multiple incidents" of abuse "over the course of at least a couple of days," and by every indication would have continued and escalated the abuse if not for the swift response by law enforcement.

The district court also found that Boone's membership in the military was not a mitigator but rather an aggravator, because it meant Boone was in a position of honor and trust in the community that enabled him to commit the abuse more easily and without being discovered. Noting the need to avoid unwarranted sentence disparities, the district court stressed that it had imposed life sentences in less egregious cases and that Boone's conduct

"ranks at the top of the list in terms of egregious and heinous because it involve[d] [his] own child and at such a young age."

Ultimately, after weighing all the relevant considerations, the district court imposed an 840-month sentence, comprised of consecutive terms of 360 months on Count 1 and 240 months each on Counts 2 and 3, followed by a lifetime of supervised release.

## II. DISCUSSION

On appeal, Boone argues the district court erred at sentencing by (1) applying U.S.S.G. § 4B1.5(b)(1)'s pattern-of-activity enhancement based on two or three images all involving the same victim at around the same time and (2) considering his military service as an aggravating rather than a mitigating factor in determining his sentence.

## A.    Standard of Review

We use a two-step process to review the reasonableness of a sentence imposed by the district court. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). First, we determine whether the sentence is procedurally sound. *Id.* Assuming it is, we then examine whether the sentence is substantively reasonable given the totality of the circumstances and the sentencing factors set out in 18 U.S.C. § 3553(a).[4] *Id.* At both steps of the process, the party

---

[4] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (3) the need for deterrence, (4) the need to protect the public, (5) the need to provide the defendant with needed education or

challenging the sentence bears the burden of showing it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

Where a defendant fails to object at sentencing, as occurred here, we review procedural reasonableness for plain error. *See United States v. Grady*, 18 F.4th 1275, 1293 (11th Cir. 2021). To prevail on plain error review, the defendant must show an error with respect to his sentence that is "plain—that is to say, clear or obvious" and that affects his "substantial rights." *Rosales-Mireles v. United States*, 585 U.S. 129, 134 (2018) (quotation marks omitted). An error is plain if "the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue" and establishes that an error has occurred. *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (quotation marks omitted and alteration adopted). An error affects the defendant's substantial rights if there is a "reasonable probability that, but for the error, the outcome" of the sentencing proceeding would have been different. *Rosales-Mireles*, 585 U.S. at 134-35 (quotation marks omitted). If the defendant carries his burden, we have "discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 135 (quotation marks omitted).

---

vocational training or medical care, (6) the kinds of sentences available, (7) the sentencing guidelines range, (8) pertinent policy statements of the sentencing commission, (9) the need to avoid unwarranted sentencing disparities, and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

As for the substantive reasonableness of a sentence, we apply a "deferential abuse of discretion standard." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38 (2007)).  We may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case.  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

## B.    Invited Error

As a preliminary matter, Boone's arguments related to the five-level pattern-of-activity enhancement in U.S.S.G. § 4B1.5(b)(1) are precluded by the invited error doctrine, which is implicated when a party induces the district court to make a decision that the party later challenges on appeal as erroneous.  Relevant here, the invited error doctrine precludes appellate review of an argument that a party "expressly disclaimed before the district court." *Innocent*, 977 F.3d at 1085.  In *Innocent*, for example, this Court applied the invited error doctrine to preclude review of the defendant's argument that he was not subject to a sentencing enhancement under the Armed Career Criminal Act ("ACCA") where defense counsel represented during the sentencing hearing that he had researched the issue and could not file a legal objection to the ACCA enhancement.  *See id.*

Like the defendant in *Innocent*, Boone here expressly represented to the district court in his sentencing memorandum

that the five-level pattern-of-activity enhancement under U.S.S.G. § 4B1.5(b)(1) applied to his case.  At the sentencing hearing, defense counsel explained that she had researched the case law and that the enhancement applied based on the facts of Boone's case.  Thus, to the extent the district court erred by applying § 4B1.5(b)(1), the error was invited by Boone.  *See id.*  As such, Boone is precluded from asserting such error on appeal.

## C.    Procedural Reasonableness

Moreover, as an independent and alternative ground for affirming Boone's 840-month sentence, we conclude that Boone has not shown any procedural error in his sentence.

We will overturn a sentence on procedural grounds only if the district court commits a "significant procedural error, such as failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Pugh*, 515 F.3d at 1190 (quoting *Gall*, 552 U.S. at 51).  We explain why no procedural error occurred here, much less plain error.

In the district court, Boone conceded his 840-month guidelines sentence was correctly calculated, and the sentence was based on agreed-upon facts, including that Boone recorded the two videos of himself sexually abusing his daughter over a two-day period and "on at least two separate occasions."  There is no indication that the district court treated the guidelines as

mandatory, and the record reflects the court's careful consideration of the relevant § 3553(a) factors to arrive at the sentence it determined was sufficient but not greater than necessary to accomplish the objectives of sentencing under § 3553(a).  The district court provided a lengthy and considered explanation for the sentence during the sentencing hearing.

Boone suggests that the district court committed procedural error by (1) applying U.S.S.G. § 4B1.5(b)(1)'s five-level enhancement based on images created of the same victim at around the same time and (2) viewing Boone's active-duty military status as an aggravating rather than a mitigating factor in determining his sentence.  Again, because Boone did not object on these grounds in the district court—indeed, he did not object to the procedural reasonableness of his sentence on any ground and he expressly agreed that his guidelines calculations were correct— Boone can prevail in his appeal only by showing plain error.  *See Rosales-Mireles*, 585 U.S. at 134.[5]

Among other things, the plain error standard generally requires clear statutory language or controlling precedent establishing that an error has occurred.  *Innocent*, 977 F.3d at 1081; *see also United States v. Olano*, 507 U.S. 725, 734 (1993) (an error is "plain" when it is clear or obvious).  Boone does not cite, and the Court has not found, a statute or controlling case establishing that a sentencing court errs by applying the U.S.S.G. § 4B1.5(b)(1)

---

[5] Boone acknowledges in his appellate brief that at sentencing he did not object to the U.S.S.G. § 4B1.5(b)(1) pattern-of-activity enhancement.

pattern-of-activity enhancement in the manner the district court applied it here, or by considering a defendant's military status to be an aggravator rather than a mitigator in a case like this one, where such status increases a defendant's danger to society by placing him in a position of trust and honor that enables him to avoid suspicion.

Even applying *de novo* review, Boone has shown no procedural error. Indeed, as to § 4B1.5(b)(1), this Court has held that the enhancement applies if the defendant engaged in prohibited sexual conduct on at least two separate occasions, regardless of whether the crimes were committed against the same victim or different victims. *See United States v. Fox*, 926 F.3d 1275, 1280-81 (11th Cir. 2019); *see also United States v. Isaac*, 987 F.3d 980, 994 (11th Cir. 2021) (affirming application of the pattern-of-activity enhancement where the defendant produced child pornography of the same victim on February 22 and February 24); U.S.S.G. § 4B1.5 cmt. n.4(B)(i) (providing that a defendant has engaged in "a pattern of activity" if the defendant has "on at least two separate occasions" participated in prohibited sexual conduct with a minor).

This Court explained in *Fox* that:

> The plain meaning of "separate occasions" does not require two events that are unrelated. It requires only events that are independent and distinguishable from each other. Multiple, distinct instances of abuse—whether ongoing, related, or random—meet the enhancement under § 4B1.5(b)(1).

*Fox*, 926 F.3d at 1280; *see also Isaac*, 987 F.3d at 994 (concluding a defendant "engaged in a pattern" where the "production of child

pornography occurred on two different days and was not continuous").

As defense counsel acknowledged at the sentencing hearing, that requirement was met here by the fifteen images and two videos showing Boone commit multiple, discrete instances of sexual abuse against his four-year-old daughter. Moreover, Boone has never disputed that the two videos found on his personal electronic device were recorded over a period of two days, which belies his claim that the images and videos were all part of "one incident."

Boone argues that only the three images he sent to the OCE via Kik Messenger on October 1, 2021 can support the enhancement. Boone points out that in these three images he and his daughter were wearing the same distinctive clothing and were in the same room, indicating they were taken "within a very short time span."

But in calculating a defendant's offense level, the district court must consider all relevant conduct, which would include all the images and videos found on Boone's personal electronic device, not just the three images he sent to the OCE. *See* U.S.S.G. § 1B1.3(a). Further, the PSR specifically cited the two videos Boone agreed were recorded over two days as the basis for the § 4B1.5(b)(1) enhancement.

Given our binding precedent in *Fox* and *Isaac* and the guidance in the Guidelines commentary—all of which indicate that only "two separate occasions" of prohibited sexual conduct are

required for a pattern of activity—Boone cannot show the district court erred, much less plainly erred, in applying § 4B1.5(b)(1)'s five-level enhancement.

Regarding Boone's military service, Boone also has not cited, and this Court has not found, a statute or controlling case law clearly establishing that such service must always—even in a case like this one where a defendant's crime involves a serious abuse of the authority and trust generally conferred by society on military personnel—be a mitigator rather than an aggravator.

In short, there is no procedural basis upon which to overturn Boone's 840-month sentence. Boone cannot establish error in the district court's calculation of his advisory guidelines sentence, and the record reflects that the district court carefully considered the relevant § 3553(a) factors, including Boone's military service, selected a sentence based on facts that were agreed upon by the parties, and explained the sentence in detail at Boone's sentencing. There is no procedural error that warrants disturbing the district court's exercise of its discretion here.

**D.  Substantive Reasonableness**

Boone also contends his 840-month sentence is substantively unreasonable.

The substantive reasonableness of a defendant's sentence is measured based on the "totality of the facts and circumstances" considering the § 3553(a) factors. *See Irey*, 612 F.3d at 1189. On substantive reasonableness review, we will vacate a sentence only if we are left with the "definite and firm conviction that the district

court committed a clear error of judgment" in weighing those factors and applying them to the facts and circumstances of the case. *Id.* at 1190 (quoting *Pugh*, 515 F.3d at 1191). Such an error may occur if the district court fails to consider relevant factors, gives significant weight to an improper or irrelevant factor, or weighs the factors unreasonably. *Id.* at 1189. However, this Court has emphasized that the "decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation marks omitted).

Applying this standard, we find no basis upon which to overturn Boone's sentence as substantively unreasonable. As an initial matter, we note that the sentence is on par with the advisory guidelines sentence of 840 months' imprisonment. "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily . . . expect [such] a sentence . . . to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quotation marks omitted). And that is the case here.

Boone argues that his sentence is nevertheless unreasonable, primarily on the ground that the sentence is so long he likely will not survive it. According to Boone, the sentence is thus a "cruel and excessive" example of the general trend in this country of excessively punishing and inhumanely "warehousing" criminal defendants rather than rehabilitating them. But we have upheld as reasonable equally lengthy sentences in cases involving child sex crimes based on the nature of the offense. *See United States v. Sarras*,

575 F.3d 1191, 1220-21 (11th Cir. 2009) (affirming a total sentence of 1,200 months and observing that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable"). Indeed, as the Government points out, we have "upheld time and again sentences that will outlast a child pornographer's life." *Issac*, 987 F.3d at 996 (affirming as substantively reasonable a 960-month sentence). Given the nature of Boone's offense—specifically, the fact that it involved planning and chatting about, engaging in, and recording the sexual abuse of his four-year-old child—the fact that Boone is not likely to outlive his sentence does not mean the sentence was substantively unreasonable.

Boone also argues that 327 months—the sentence the district court indicated it would have imposed if U.S.S.G. § 4B1.5(b)(1) did not apply—is "more than sufficient to meet all goals of sentencing." Again, as explained above, the district court did not err in applying the § 4B1.5(b)(1) enhancement. Furthermore, Boone cannot prevail on a substantive reasonableness challenge simply by showing that a lesser sentence is more reasonable in his own judgment, or even that it might be more reasonable to another judge. *See Irey*, 612 F.3d at 1191 ("A district court's sentence need not be the most appropriate one, it need only be a reasonable one."). Instead, Boone must show that the sentence imposed by the district court "lies outside the range of reasonable sentences dictated by the facts of the case" and the relevant sentencing factors. *Id.* at 1190 (quotation marks omitted).

Boone's argument that a lesser sentence would, in his opinion, be more appropriate does not suffice.

Finally, Boone suggests the district court arrived at a substantively unreasonable sentence by viewing his military service as an aggravator rather than a mitigator. This Court has held that it is within the district court's discretion to find that a factor the defendant argues to be mitigating is instead aggravating. *See United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022) (holding that the district court acted within its discretion when it considered certain factors "to be either aggravating or irrelevant rather than mitigating evidence warranting a lesser sentence"). In this case specifically, the district court acted within its discretion when it found that Boone's military service placed him in a position of trust and authority in the community, making him more dangerous given the violation of trust and abuse of authority inherent in his offense.

The record reflects that at sentencing the district court conducted an individualized assessment of the facts, balanced the competing considerations—specifically, weighing the nature and circumstances of Boone's offense, the need to impose respect for the law, and deterrence considerations, among other factors—and ultimately determined that a guidelines sentence of 840 months for Boone's multiple child pornography counts was necessary and warranted by the specific facts of this case. We cannot say the court committed a clear error of judgment in its decision, or that the 840-

month sentence is outside the range of reasonable sentences given the facts and circumstances of the case.

### III.  CONCLUSION

For the foregoing reasons, we affirm Boone's total 840-month sentence.

**AFFIRMED.**